*Hammell*
*Objection's #1*

## POLK COUNTY CIRCUIT COURT

**Cause Number:** **CV-2015-0105**

# Docket Page

*PLAINTIFF ATTORNEY(S)*

PUTMAN, WILLIAM B
303 E MILLSAP ROAD
FAYETBILLE, AR  72703

KATHERINE D ADAMS

MARK L ADAMS

*VS.*

UNITED SERVICES AUTOMOBILE ASSOCIATION

USAA CASUALTY INSURANCE COMPANY

USAA GENERAL INDEMNITY COMPANY

GARRISON PROPERTY & CASUALTY INSURANC

USAA

**Cause Number:**   **CV-2015-0105**

| Date Entered | | Book/Page | PLEADINGS, EXHIBITS,ORDERS FILED,DISPOSITION, ETC. |
|---|---|---|---|
| 06/23/2015 | 1:01 PM | 0  0 | CLASS ACTION COMPLAINT FILED 06-23-2015IS INSURANCE Case Filed on 06/23/2015. |
| 06/23/2015 | 1:01 PM | 0 | Judge RYAN,  LOUIS JERRY assigned. |
| 06/23/2015 | 1:02 PM | 0 | Payment Received of $165  For Fee Payment  Current Balance is $0  Referring Receipt Number: 8287  Received by: MSCHNELL |
| 06/23/2015 | 2:14 PM | 0  0 | MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT FILED 06-23-2015 |
| 06/23/2015 | 2:15 PM | 0  0 | SUMMONS ISSUED ON UNTIED SERVICES AUTOMOBILE ASSOCIATION 06-23-2015 |
| 06/23/2015 | 2:16 PM | 0  0 | SUMMONS ISSUED ON USAA CASUALTY INSURANCE COMPANY 06-23-2015 |
| 06/23/2015 | 2:16 PM | 0  0 | SUMMONS GENERAL INDEMNITY COMPANY 06-23-2015 |
| 06/23/2015 | 2:17 PM | 0  0 | SUMMONS ISSUED ON GARRISON PROPERTY & CASUALTY INSURANCE COMPANY 06-23-2015 |
| 07/27/2015 | 10:03 AM | 0  0 | NOTICE OF SETTING FILED 07/23/2015 |
| 08/25/2015 | 1:55 PM | 0  0 | ENTRY OF APPEARANCE FILED 08-21-2015 |
| 08/26/2015 | 3:49 PM | 0  0 | ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT FILED 08-26-2015 |
| 10/27/2015 | 12:21 PM | 0  0 | ANSWER FILED 10-23-2015 |
| 11/13/2015 | 10:24 AM | 0  0 | CLASS COUNSELS' APPLICATION FOR ATTORNEY'S FEES AND COSTS RELATED TO THE STIPULATION OF SETTLEMENT AND REQUEST FOR INCENTIVE FEE AWARD TO CLASS REPRESENTATIVES FILED 11-12-2015 |
| 11/13/2015 | 10:24 AM | 0  0 | PLAINTIFFS' APPENDIX OF EXHIBITS FILED 11-12-2015 |
| 11/18/2015 | 2:07 PM | 0  0 | OBJECTION TO SETTLEMENT TERMS FILED 11-16-2015 |
| 11/24/2015 | 1:43 PM | 0  0 | MOTION TO INTERVENE FILED 11-16-2015 |
| 11/24/2015 | 1:43 PM | 0  0 | OBJECTIONS: NOTICE OF INTENTION TO APPEAR; AND/OR RESERVING RIGHT TO BE EXCULDED FROM THE CLASS FILED 11-16-2015 |
| 11/24/2015 | 1:44 PM | 0  0 | OBJECTION TO SETTLEMENTS TERMS FILED 11-16-2015 |
| 12/02/2015 | 3:10 PM | 0  0 | DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE FILED BY JOHN L DAUGHERTY AND PARTNE A DAUGHERTY |

**Cause Number:**   **CV-2015-0105**

| Date Entered | | Book/Page | PLEADINGS, EXHIBITS,ORDERS FILED,DISPOSITION, ETC. |
|---|---|---|---|
| | | | 11/30/2015 |
| 12/04/2015 | 2:32 PM | 0  0 | PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE FILED BY JOHN L DAUGHERTY, MD AND PARTNE A DAUGHERTY FILED 12-04-2015 |
| 12/08/2015 | 3:49 PM | 0  0 | DEFENDANTS' STATUS REPORT REGARDING CLASS ACTION SETTLEMENT FILED 12-08-2015 |
| 12/11/2015 | 2:04 PM | 0  0 | AFFIDAVIT OF TORE HODNE REGARDING NOTIFICATION, REQUESTS FOR EXCULSION AND SETTLEMENT ADMINISTRATION SERVICES FILED 12-10-2015 |
| 12/11/2015 | 2:04 PM | 0  0 | PLAINTFF'S' MOTION AND BRIEF IN SUPPORT FOR FINAL APPROVAL OF SETTLEMENT AND ENTRY OF AN ORDER AND JUDGMENT FILED 12-10-2015 |
| 12/11/2015 | 2:07 PM | 0  0 | PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO OBJECTIONS TO CLASS ACTION SETTLEMENT FILED 12-10-2015 |
| 12/11/2015 | 2:07 PM | 0  0 | PLAINTIFFS' SUPPLEMENTAL APPENDIX OF EXHIBITS FILED 12-10-2015 |
| 12/16/2015 | 10:06 AM | 0  0 | OBJECTING VETERANS' MOTION TO DISMISS FOR VIOLATING A POLICY AGAINST FORUM SHOPPING AND IN THE ALTERNATIVE MOTION FOR CONTINUANCE TO PERMIT THE EXPLORATION OF ISSUES SUCH AS TO ALLOW A CONCLUSION THAT BEST INTERESTS ARE SERVED FOR BOTH THE CLASS MEMBERS AND THE PUBLIC  FILED 12-16-2015 |
| 12/16/2015 | 10:07 AM | 0  0 | BRIEF IN SUPPORT OF OBJECTORS' MOTION TO DISMISS FILED 12-16-2015 |

USAA CLASS ACTION SETTLEMENT
P.O. BOX 2411
FARIBAULT, MN 55021-9100

~ **MUST BE POSTMARKED BY**
**FEBRUARY 1, 2016**

FOR OFFICIAL USE ONLY

01

Page 1 of 4



000008583

October 7, 2015

ROBERT DAVID TRAMMELL
13608 KANIS RD
LITTLE ROCK AR 72211-4032

Date of Loss: 04/25/2011

Policy #: 2

# CLAIM FORM

### USAA CLASS ACTION SETTLEMENT

If you submitted a claim for a Structural Loss that (a) occurred from January 1, 2006 to December 31, 2014, inclusive; (b) was determined to be covered by a Homeowners Insurance Policy issued by one of the USAA companies in the State of Arkansas; and (c) resulted in an Actual Cash Value Payment by a USAA company that was calculated and made based upon an estimate that the USAA company or someone acting on its behalf prepared that applied Depreciation, you may be eligible for a payment in this proposed settlement. "Homeowners Insurance Policy" means a policy of insurance providing structural damage coverage for a home, manufactured home, condo, farm/ranch, or rental dwelling. A "Structural Loss" is damage to a building or other structure located in the State of Arkansas while covered under a Homeowners Insurance Policy issued by a USAA company. An Actual Cash Value Payment is a payment that is calculated by estimating the replacement cost value of the covered damage, and subtracting preciation, any applicable deductible, and any other amounts that are properly subtracted under the terms of the Homeowners Insurance Policy. Depreciation is an amount subtracted from replacement cost value to calculate actual cash value, reflecting the age, condition, wear and tear and/or obsolescence of item(s) of property that have been damaged as part of a covered loss. The USAA companies in this settlement are United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company and Garrison Property and Casualty Insurance Company.

To be eligible to receive a payment, you must **complete this Claim Form, sign it, have it notarized, and mail it, together with all requested documentation that you have available**, to the following **address, postmarked by February 1, 2016**:

USAA Class Action Settlement
P.O. Box 2411
Faribault, MN 55021-9100

**Please read this Claim Form _and_ the enclosed Notice carefully.** If you have more than one insurance claim, please submit a separate Claim Form for each of your claims. If you have any questions about filling out this Claim Form, please call the Settlement Administrator at 1-888-773-8278 toll-free, visit www.HomeownersInsuranceSettlement.com, or e-mail info@HomeownersInsuranceSettlement.com.

**Certain information on this Claim Form may have been pre-filled by USAA if this form was mailed to you.** If you believe that information is incorrect, please cross it out and correct it.

*Trammel Doyute*
*#2*




*100*




000008583

\* 0 0 0 0 1 9 0 4 5 9 \*

**PLEASE PRINT (OR TYPE) CLEARLY IN BLUE OR BLACK INK ONLY. MAKE CORRECTIONS TO PRE-FILLED INFORMATION NECESSARY. MUST BE POSTMARKED BY FEBRUARY 1, 2016.**

---

**STEP 1:  PROVIDE <u>CLASS MEMBER</u> INFORMATION.**

---

Class Member Full Name: _____

Mailing Address of Class Member: _____

City: _____ State: ____ ____ Zip Code: ___ ___ ___ ___ ___

Daytime Phone of Class Member: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

Evening Phone of Class Member: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

USAA Member Number or Policy Number applicable to the Class Member's claim (if known): 001068688   2

**Name of first person listed on the insurance policy (<u>if NOT the Class Member</u>):**

Last Name: _____ First Name: _____ Middle Initial: ____

Relationship of first person listed on the insurance policy to the Class Member: _____

- If **you** are a Class Member and are filling out this Claim Form **for yourself**, please **skip** STEP 2 and **GO TO STEP 3**.
- If you are **not** a Class Member, but are filling out this Claim Form **on behalf of** a Class Member, please **GO TO STEP 2**.

---

**STEP 2:  INFORMATION TO BE PROVIDED BY EXECUTORS, ADMINISTRATORS, GUARDIANS, PERSONAL REPRESENTATIVES, OR OTHERS LEGALLY AUTHORIZED TO PROVIDE CLASS MEMBER INFORMATION.**

---

NOTE: Fill out STEP 2 <u>only</u> if you are filling out this Claim Form <u>on behalf of</u> a Class Member.

If <u>YOU</u> are a Class Member, go to STEP 3.

(a)  Are you the personal representative of a deceased Class Member?          Yes ____     No ____

If so, provide the date of the Class Member's death: ___ ___ / ___ ___ / ___ ___ ___ ___
                                          Month      Day       Year

(b)  Are you a guardian, conservator, or attorney in fact of an incapacitated Class Member?     Yes ____     No ____

(c)  Are you the legally appointed representative (for example, through a power of attorney) responsible for handling the Class Member's business affairs?          Yes ____     No ____

Please provide **YOUR** information:

Last Name: _____ First Name: _____

Mailing Address: _____

City: _____ State: ____ ____ Zip Code: ___ ___ ___ ___ ___

Daytime Phone Number: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

**IMPORTANT:** If you are submitting this claim on behalf of the Class Member, please also submit with this Claim Form documents to prove that you are authorized to submit this Claim Form on behalf of that Class Member (for example, estate documents, powers of attorney, death certificates, etc.).

QUESTIONS? CALL 1-888-773-8278 TOLL-FREE, OR VISIT www.HomeownersInsuranceSettlement.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR 1-888-773-8278, O VISITAR www.HomeownersInsuranceSettlement.com.
Page 2 of 4

000008583

`* 0 0 0 0 1 9 0 4 5 9 * ·`

## STEP 3:  ANSWER QUESTIONS ABOUT YOUR LOSS AND YOUR INSURANCE CLAIM.

a.   Address of Damaged Structure:

Complete Street Address: _____

City: _____ State: _____ _____ Zip Code: ____ ____ ____ ____ ____

b.   Approximate Date of Loss: ____ ____ / ____ ____ / ____ ____ ____ ____
     <span>MONTH</span>     <span>DAY</span>     <span>YEAR</span>

c.   Description of Loss:

_____

_____

_____

**PLEASE ANSWER THE QUESTIONS BELOW TO THE BEST OF <u>YOUR</u> KNOWLEDGE. DO <u>NOT</u> CONTACT USAA TO REQUEST THIS INFORMATION IF YOU DO NOT KNOW:**

f.   Did the amount USAA paid for your claim include an Actual Cash Value Payment, that is, a payment calculated by USAA or someone acting on its behalf that estimated the replacement cost value of the covered damage, and subtracted for Depreciation (and any applicable deductible and/or other deductions)?

Yes ____     No ____     I do not know ____

g.   If yes, how much did USAA subtract for Depreciation? (if known) $_____

h.   Did you receive, in a payment subsequent to your initial payment for structural damage, a portion or all of the amount previously withheld for Depreciation?

Yes ____     No ____     I do not know ____

i.   If yes, how much money that was previously withheld for Depreciation was later paid to you? (if known) $_____

j.   Does your claim fall within any of these categories: (1) you received payment from USAA equal to the applicable limits of coverage; (2) your claim was the subject of a prior lawsuit; (3) your claim was open (still being actively adjusted) as of December 31, 2014; or (4) you executed a release (a document giving up your legal rights) on your claim?

Yes ____     No ____     I do not know ____

## STEP 4:  ATTACH DOCUMENTATION FROM YOUR RECORDS, IF ANY

You may attach to this Claim Form any documents that you have showing the following. Do not contact USAA to request copies of documents. USAA will review documents in its possession (to the extent they exist) in processing this claim form:

• You submitted a timely claim for the Structural Loss (e.g., copies of letters submitting claims or responding to claims);

• The claim was paid on the basis of an estimate that subtracted for Depreciation (e.g., copies of adjuster estimates, worksheets provided by USAA, or letters enclosing claim payments); and

• How USAA paid the claim (e.g., copies of checks or letters enclosing claim payments).

QUESTIONS? CALL 1-888-773-8278 TOLL-FREE, OR VISIT www.HomeownersInsuranceSettlement.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR 1-888-773-8278, O VISITAR www.HomeownersInsuranceSettlement.com.
Page 3 of 4

*100*



000008583

**STEP 5:   READ THE CERTIFICATIONS BELOW. IF TRUE, SIGN AND DATE YOUR CLAIM FORM IN THE PRESENCE OF A NOTARY PUBLIC.**

This Claim Form **must be signed under penalty of perjury and notarized** by a notary public. You can find a notary public at post offices and banks as well as most currency exchange businesses. Bring some form of identification with you in order to have this Claim Form notarized. If you have any questions, please call the Settlement Administrator at 1-888-773-8278 toll-free, visit www.HomeownersInsuranceSettlement.com, or e-mail info@HomeownersInsuranceSettlement.com.

**CERTIFICATION:**

I certify under penalty of perjury that I have read this Claim Form; I believe I am eligible for Class membership; all of the information on this Claim Form is true and correct to the best of my knowledge; I request a review of my claim for potential payment; and I have attached to or enclosed with this Claim Form all documents described in Step 4 that I have been able to locate.

Print Name: _____

Signature: _____                Date: ___ ___ / ___ ___ / ___ ___
                                                                                                                    (MM)      (DD)      (YY)

State of _____

County of _____, SS:

SUBSCRIBED AND SWORN to and before me this _____ day of _____, 20___ ___.

_____
NOTARY PUBLIC Signature

_____                (Seal)
My Commission expires:

**STEP 6:   MAIL YOUR CLAIM FORM.**

This Claim Form must be **postmarked by February 1, 2016** and mailed to:

USAA Class Action Settlement
P.O. Box 2411
Faribault, MN 55021-9100

Please be patient. You will receive a letter telling you whether the Class Member identified above is eligible for a payment and, if the Class Member is determined to be eligible, the amount of the payment. The letter will also explain the process and deadlines to resolve any disagreement you may have with this determination.

**PLEASE DO NOT CALL THE COURT, THE JUDGE, THE CLERK OF COURT,
OR USAA REGARDING THIS MATTER.**

QUESTIONS? CALL 1-888-773-8278 TOLL-FREE, OR VISIT www.HomeownersInsuranceSettlement.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR 1-888-773-8278, O VISITAR www.HomeownersInsuranceSettlement.com.

P.O. BOX 2411
FARIBAULT, MN 55021-9100

## IMPORTANT LEGAL MATERIALS



000008583

***** Presorted
ROBERT DAVID TRAMMELL
13608 KANIS RD
LITTLE ROCK AR 72211-4032

ldmllnmllmllblmhlhllhmlllmhlllllll

### IN THE CIRCUIT COURT OF POLK COUNTY, STATE OF ARKANSAS

**A class action settlement involving USAA homeowners insurance
may provide payments to those who qualify.**

*A court authorized this Notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

**If you are a Class Member, your legal rights are affected whether you act or don't act.**

<u>PLEASE READ THIS NOTICE AND THE ENCLOSED CLAIM FORM CAREFULLY</u>

• This Notice provides information about a proposed settlement in a class action lawsuit concerning whether United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company and Garrison Property and Casualty Insurance Company (collectively, "USAA") have properly applied Depreciation when adjusting claims for Structural Losses under Homeowners Insurance Policies in the State of Arkansas. USAA denies any wrongdoing. The Court has not ruled on the merits of Plaintiffs' claims.

• You may be eligible for a payment if you qualify and timely submit a valid Claim Form.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment under the settlement. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be a part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

• These rights and options, and the deadlines to exercise them, are explained in this Notice.

• The Court in charge of this case still has to decide whether to approve this settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................................... 3
   1.  Why was this Notice issued?
   2.  Which USAA Companies are part of the settlement?
   3.  What is this lawsuit about?
   4.  What is Depreciation?
   5.  What is an Actual Cash Value Payment?
   6.  What is a Structural Loss?
   7.  What is a Homeowners Insurance Policy?
   8.  Why is this a class action?
   9.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ........................................................................................... 4
   10.  How do I know if I am part of the settlement?
   11.  Are there exceptions to being included?
   12.  Understanding Class membership.
   13.  I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** .......................................... 5
   14.  What does the settlement provide?
   15.  How do I qualify for a payment?
   16.  How much will payments be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** ................................................. 6
   17.  How can I get a payment?
   18.  When will I get my payment?
   19.  What if I disagree with the amount of my payment?
   20.  What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................................ 7
   21.  How do I get out of the settlement?
   22.  If I don't exclude myself, can I sue the Defendants for the same thing later?
   23.  If I exclude myself, can I get a payment from this settlement?

**THE LAWYERS REPRESENTING YOU** ................................................................................... 8
   24.  Do I have a lawyer in the case?
   25.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...................................................................................... 8
   26.  How do I tell the Court that I don't like the settlement?
   27.  What's the difference between objecting and excluding yourself?

**THE COURT'S FINAL APPROVAL HEARING** ......................................................................... 9
   28.  When and where will the Court decide whether to approve the settlement?
   29.  Do I have to come to the Hearing?
   30.  May I speak at the Hearing?

**IF YOU DO NOTHING** ...................................................................................................... 10
   31.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ....................................................................................... 10
   32.  How do I get more information about the settlement?

# BASIC INFORMATION

### 1. Why was this Notice issued?

The Court authorized this Notice because you have a right to know about a proposed settlement of this class action, including the right to make a claim for monetary payment, and about all of your options, before the Court decides whether to give "final approval" to the settlement. If the Court approves the parties' Stipulation of Class Action Settlement ("Settlement Agreement"), and after any objections and appeals are resolved, payments will be made to those who qualify and submit a valid claim.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available under the settlement, who is eligible for them, and how to get them.

Judge Jerry Ryan of the Circuit Court of Polk County, State of Arkansas, is overseeing this class action. This case is known as *Mark I. Adams and Katherine S. Adams v. United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company and Garrison Property and Casualty Insurance Company*, Case No. cv-2015-105. The persons who sued are called the Plaintiffs, and the companies they sued are called the Defendants.

### 2. Which USAA companies are part of the settlement?

This settlement includes United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company and Garrison Property and Casualty Insurance Company. This Notice also sometimes refers to these USAA companies as "USAA" or "Defendants."

### 3. What is this lawsuit about?

The lawsuit claims that Defendants or persons acting on their behalf improperly applied Depreciation when making Actual Cash Value Payments in adjusting claims for Structural Losses under Homeowners Insurance Policies, by improperly applying Depreciation to labor and other non-material items, such as taxes and general contractor overhead and profit. Defendants maintain that they applied Depreciation reasonably and appropriately, and in compliance with the applicable law. Defendants have denied all allegations that they acted wrongfully or unlawfully.

### 4. What is Depreciation?

Depreciation is an amount subtracted from replacement cost value to calculate actual cash value, where the insurance policy provides for payment of actual cash value as compensation for a Structural Loss that is caused by a covered cause of loss. Depreciation reflects the age, condition, wear and tear and/or obsolescence of item(s) of property that have been damaged. For purposes of this settlement, Depreciation includes both materials and non-materials components of pricing (including but not limited to general contractor overhead and profit and sales tax) subtracted from replacement cost value to calculate actual cash value in making an Actual Cash Value Payment.

### 5. What is an Actual Cash Value Payment?

An Actual Cash Value Payment ("ACV Payment") is calculated by estimating the replacement cost value of the covered damage, and subtracting Depreciation (as defined above), any applicable deductible, and any other amounts that are properly subtracted under the terms of the Homeowners Insurance Policy.

### 6. What is a Structural Loss?

A Structural Loss is damage to a building or other structure located in the State of Arkansas while covered under a Homeowners Insurance Policy issued by USAA.

### 7. What is a Homeowners Insurance Policy?

Homeowners Insurance Policy is a policy of insurance providing structural damage coverage for a home, manufactured home, condo, farm/ranch, or rental dwelling.

## 8. Why is this a class action?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Mark I. Adams and Katherine S. ~ms) sue on behalf of people who have similar claims. The people together are a "Class" or "Class Members." One court ....olves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

## 9. Why is there a settlement?

*The Court did not decide in favor of Plaintiffs or Defendants, and has not found that USAA did anything wrong.* Instead, both sides agreed to a settlement. That way, they avoid the risk and cost of a trial, and the people affected will get compensation. The Class Representative and Class Counsel think that the settlement is in the best interests of the Class and that the settlement is fair, adequate, and reasonable. *The settlement does not mean that USAA did anything wrong. No trial has occurred, and no determinations on the merits of the claims have been made.*

## WHO IS IN THE SETTLEMENT

To see if you are eligible under this settlement, you first have to decide if you are a member of the Class explained below.

## 10. How do I know if I am an eligible Class Member and part of the settlement?

The Class includes everyone who is, or was, insured under a USAA Homeowners Insurance Policy that provided coverage for any building or other structure located in the State of Arkansas that:

• suffered a Structural Loss during the period from January 1, 2006 to December 31, 2014 that was determined to be covered by a Homeowners Insurance Policy issued by USAA;

• received from USAA an ACV Payment for the Structural Loss; and

• the ACV Payment was made based on an estimate USAA or someone acting on its behalf prepared that applied Depreciation.

See Question 11, below, for exceptions to the Class definition. Also, a complete definition of the Settlement Class can be found at Paragraph 33 of the Settlement Agreement (available at www.HomeownersInsuranceSettlement.com).

## 11. Are there exceptions to being included?

You are not included in the settlement if (i) you filed a lawsuit against USAA from January 1, 2006 to December 31, 2014 relating to payment or handling of the claim for Structural Loss under a Homeowner's Insurance Policy that would otherwise be the subject of your claim in this settlement; (ii) your claim was still open (still being actively adjusted) as of December 31, 2014; (iii) you asserted any claims for which USAA received an executed release during the period from January 1, 2006 to December 31, 2014; or (iv) you are a present or former officer and/or director of USAA, the Neutral Evaluator, Class Counsel, a Judge of this Court, or Defendants' counsel of record.

## 12. Understanding Class membership

If your claim was initially paid on an Actual Cash Value basis (i.e., with a deduction for Depreciation) using an estimate prepared by USAA or on USAA's behalf, USAA expects that your estimate and payment, consistent with industry standards existing at the time, would have included Depreciation of non-material items such as labor, taxes, and overhead and profit.   If USAA initially paid your claim on a Replacement Cost basis, or made payment to you without withholding any amounts for Depreciation, you will not be entitled to any additional payment under this class settlement.  If you are unsure or do not remember whether your claim was paid on a USAA estimate or on an Actual Cash Value basis, you may submit a Claim Form.

This series of questions may also help you determine if you are a Class Member. Please answer all of the questions in order.

| Question | Yes | No |
|---|---|---|
| Do you or did you have a Homeowners Insurance Policy from United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company or Garrison Property and Casualty Insurance Company? | Continue to next question. | You are not a Class Member. |
| Does or did your Homeowners Insurance Policy cover a building or structure in the State of Arkansas? | Continue to next question. | You are not a Class Member. |
| Did you have a Structural Loss that occurred from January 1, 2006 to December 31, 2014? | Continue to next question. | You are not a Class Member. |
| Was the Structural Loss covered by the Homeowners Insurance Policy? | Continue to next question. | You are not a Class Member. |
| Did you receive an ACV Payment from USAA for your claim? | Continue to next question. | You are not a Class Member. |
| Was your ACV Payment made based upon an estimate that USAA or someone acting on its behalf prepared that applied Depreciation? | Continue to next question. | You are not a Class Member. |
| Did you file a lawsuit against USAA from January 1, 2006 to December 31, 2014 related to the Structural Loss? | You are not a Class Member. | Continue to next question. |
| Was your claim open (still being actively adjusted) as of December 31, 2014? | You are not a Class Member. | Continue to next question. |
| Did you provide an executed release to USAA for your claim? | You are not a Class Member | You could be a Class Member. |

### 13. I'm still not sure if I am included?

If you are still not sure whether you are included, you can get free help. You can call the Settlement Administrator toll-free at 1-888-773-8278; send an e-mail to info@HomeownersInsuranceSettlement.com; or visit www.HomeownersInsuranceSettlement.com for more information. Or you can fill out and return the Claim Form enclosed with this Notice to see if you qualify. The Court has directed that questions about the settlement should be directed to the Settlement Administrator, so please do not call USAA to ask about the settlement.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 14. What does the settlement provide?

The settlement will pay to compensate eligible Class Members for Defendants' alleged improper application of Depreciation to the labor or any non-material component of estimated replacement cost value when they paid certain homeowners insurance claims for Structural Losses.

### 15. How do I qualify for a payment?

You may qualify for a payment if (i) you suffered a Structural Loss during the period from January 1, 2006 to December 31, 2014 that resulted in an Actual Cash Value Payment under the dwelling and/or other structure coverage; (ii) the Actual Cash Value Payment was made based on an estimate that USAA or someone acting on its behalf prepared that applied Depreciation; and (iii) you did not receive payment equal to the applicable limits of coverage.

## 16. How much will payments be?

Payments to eligible Class Members whose claims had dates of loss from July 1, 2006 to July 4, 2008, inclusive, will be as follows: (i) eligible Class Members who received only Actual Cash Value Payments, and for whom no amount withheld as Depreciation was later paid in a subsequent payment, will receive 9% of the total amount of Depreciation shown on the final estimate a Defendant or someone acting on its behalf prepared on the claim (the "Final Estimate"); (ii) eligible Class Members who received, in a payment subsequent to their initial payment for Structural Loss, a portion but not all of the amount withheld for Depreciation, will receive 7% of any Depreciation shown on the Final Estimate that was not paid when that estimate was prepared; (iii) eligible Class Members who received, in a payment subsequent to their initial payment for Structural Loss, all of the amount withheld for Depreciation, will receive 1.4% of any Depreciation shown on the Final Estimate that was not paid when that estimate was prepared.

Payments to eligible Class Members whose claims had dates of loss from July 5, 2008 to October 2, 2013, inclusive, will be as follows: (i) eligible Class Members who received only Actual Cash Value Payments, and for whom no amount withheld as Depreciation was later paid in a subsequent payment, will receive 45% of the total amount of Depreciation shown on the Final Estimate; (ii) eligible Class Members who received, in a payment subsequent to their initial payment for Structural Loss, a portion but not all of the amount withheld for Depreciation, will receive 35% of any Depreciation shown on the Final Estimate that was not paid when that estimate was prepared; (iii) eligible Class Members who received, in a payment subsequent to their initial payment for Structural Loss, all of the amount withheld for Depreciation, will receive 7% of any Depreciation shown on the Final Estimate that was not paid when that estimate was prepared.

Payments to eligible Class Members whose claims had dates of loss from October 3, 2013 to December 31, 2014, inclusive, will be as follows: eligible Class Members will receive payment in the amount of 5% of the total amount of Depreciation shown on the Final Estimate.

Payments will also be limited by the terms of the Homeowners Insurance Policy involved. See Paragraph 60 of the Settlement Agreement (available at www.HomeownersInsuranceSettlement.com) for a more complete description.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

## 17. How can I get a payment?

To be eligible to receive a payment, you must mail in a valid and timely Claim Form. A Claim Form is included in this mailing. You may also get a Claim Form on the Internet at www.HomeownersInsuranceSettlement.com, or by calling the Settlement Administrator toll-free at 1-888-773-8278, or by sending an e-mail to info@HomeownersInsuranceSettlement.com and asking for one.

You should read the instructions on the Claim Form carefully and fill out the entire Claim Form. You'll need to attach any documents that you have (if any) showing that you were insured under a USAA Homeowners Insurance Policy that provided coverage for a Structural Loss, that you submitted a timely claim and that you received an ACV Payment. See Step 4 of the Claim Form for more details on the required documentation.

You must also have your Claim Form notarized. That means that you must sign the Claim Form under penalty of perjury in the presence of a notary public. You may have the Claim Form notarized by any notary public of your choice. Many banks, post offices, currency exchanges, and other businesses have notaries who can notarize your Claim Form.

If you need more information on where and how to find a notary, you can call the Settlement Administrator toll-free at 1-888-773-8278, send an e-mail to info@HomeownersInsuranceSettlement.com, or visit www.HomeownersInsuranceSettlement.com for help.

You must mail the Claim Form **postmarked no later than February 1, 2016** to the following address:

USAA Class Action Settlement
P.O. Box 2411
Faribault, MN 55021-9100

Do not send a copy of the Claim Form to the Court, the Judge, or the Defendants.

Please note that, with a few exceptions, only a Class Member can submit a Claim Form. The only exceptions are that Claim Forms may be submitted on behalf of an individual Class Member by his or her "Legally Authorized Representative." A Legally Authorized Representative means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate; a guardian, conservator, or next friend of an incapacitated Class Member; or any other legally appointed person or entity responsible for handling the business affairs of a Class Member. If you have a personal lawyer, your lawyer may assist you with your Claim Form, but you must sign the Claim Form, unless the lawyer is your Legally Authorized Representative.

Claim Forms submitted as part of a group effort, or a class of persons, are invalid and ineffective.

### 18. When will I get my payment?

The payments will be mailed to eligible Class Members who send in valid claim forms on time, after the Court grants "final approval" of the settlement, any appeals are resolved, and the claims administration process described in Paragraphs 69-70 the Settlement Agreement is completed.

The Court will hold a hearing on December 16, 2015, at 1:00 p.m. to decide whether to approve the settlement. If the Court approves the settlement (see the section "The Court's Final Approval Hearing" below), there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient. Please check the settlement website, www.HomeownersInsuranceSettlement.com, for updates and other important information about the settlement, or call 1-888-773-8278 toll-free or send an e-mail to info@HomeownersInsuranceSettlement.com.

### 19. What if I disagree with the amount of my payment?

There is a process in the settlement to resolve disagreements between you and Defendants over whether you are eligible and how much money you should get. You will get further details in the letter you receive about your settlement claim. See Paragraphs 69-70 of the Settlement Agreement (available at www.HomeownersInsuranceSettlement.com) for more information, or you can contact the Settlement Administrator at 1-888-773-8278 or e-mail info@HomeownersInsuranceSettlement.com.

### 20. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you submit a Claim Form, or simply stay in the Class, you will agree to "release and discharge" USAA as described in Paragraphs 29-31, 36, and 57-58 of the Settlement Agreement.

A complete copy of the Settlement Agreement can be obtained at www.HomeownersInsuranceSettlement.com. The Settlement Agreement specifically describes the Released Claims in necessarily accurate legal terminology. Talk to Class Counsel (see the section on "The Lawyers Representing You") or your own lawyer if you have questions about the Released Claims or what they mean.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Class.

### 21. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by first-class mail with a clear statement that you want to be excluded from the *Adams v. United Services Automobile Association* settlement.

Be sure to include your name, address, telephone number, and your signature. If you are sending the request to be excluded as the "Legally Authorized Representative" of a Class Member (see Question 17 above for the definition of "Legally Authorized Representative"), you must include any information or documents that confirm your appointment or status as a Legally Authorized Representative. Requests for exclusion must be submitted individually by a Class Member or his or her Legally Authorized Representative, and not on behalf of a group or class of persons. If you have a personal lawyer, your lawyer may assist you with your exclusion request, but you must sign the exclusion request, unless the lawyer is also your Legally Authorized Representative.

You must mail your exclusion request **postmarked no later than November 16, 2015**, to:

USAA Class Action Settlement
P.O. Box 2411
Faribault, MN 55021-9100

You can't exclude yourself on the phone, by e-mail, or on the website (www.HomeownersInsuranceSettlement.com). If you : to be excluded, you will not get any money from the settlement, and you cannot object to the settlement or intervene in the case. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the Defendants.

### 22. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.

Remember, the exclusion deadline is November 16, 2015.

### 23. If I exclude myself, can I get a payment from this settlement?

No. If you exclude yourself, do not send in a Claim Form to ask for any money.

## THE LAWYERS REPRESENTING YOU

### 24. Do I have a lawyer in this case?

The Court has appointed the following law firms to represent you and other Class Members:

W.H. Taylor
Stevan E. Vowell
William B. Putman
Timothy J. Myers
TAYLOR LAW PARTNERS
301 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Tel. (479) 443-5222
Fax (479) 443-7842

Matt Keil
John C. Goodson
KEIL & GOODSON, P.A.
406 Walnut Street
Texarkana, AR 71854
Tel. (870) 772-4113
Fax (870) 773-2967

These lawyers are called Class Counsel. You will not be charged for services performed by Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 25. How will the lawyers be paid?

Class Counsel will ask the Court to approve a payment of up to $1,850,000 for attorneys' fees and expenses. Class Counsel will also ask for a payment of up to $5,000 each to Mark I. Adams and Katherine S. Adams, in full satisfaction of all of their claims, for their services as Class Representatives. The Court may award less than these amounts. Defendants have agreed not to oppose the request for fees and expenses up to these amounts. Defendants will also pay all costs to administer the settlement and the fees and costs of the Neutral Evaluator. None of these amounts will reduce the amounts distributed to eligible Class Members.

## OBJECTING TO THE SETTLEMENT

If you are a Class Member and do not exclude yourself, you can tell the Court that you don't agree with the settlement or some part of it.

### 26. How do I tell the Court that I don't like the settlement?

If you're a Class Member (or a Class Member's Legally Authorized Representative), and you haven't excluded yourself from the settlement, you can object to the proposed settlement if you don't like it, or try to intervene in the case. However, you cannot object if you have excluded yourself. In other words, you must stay in the case as a Class Member in order to object or to intervene in the case.

You can give reasons why you think the Court should not approve the settlement. The Court will consider your views. To object, you must (a) **mail** your objection to the Settlement Administrator **and** (b) **file** it with the Court. To be timely, your objection must be mailed to the Settlement Administrator so that it is **postmarked** by November 16, 2015, and must be **filed** with the Court by no later than November 16, 2015, at the following addresses:

| **Address of Settlement Administrator:** | **Address of Court:** |
|---|---|
| USAA Class Action Settlement | Case No. cv-2015-105 |
| P.O. Box 2411 | Circuit Court of Polk County |
| Faribault, MN 55021-9100 | 507 Church St. |
| | Mena, AR 71953 |

Note: You may mail your objection to the Court, but it must be **received** by the Court **and filed** by November 16, 2015. See Paragraphs 95-99 of the Settlement Agreement for more information on how to object to or intervene in the settlement.

Your objection must include all of the following: (a) contain a heading which includes the name of the case and case number (*Adams v. United Services Automobile Association*, Case No. cv-2015-105); (b) provide your full name, address, telephone number, and signature; (c) indicate the specific reasons why you object to the settlement; (d) contain the name, address, bar number, and telephone number of your counsel, if you're represented by an attorney; if you are represented by an attorney, he/she or it must comply with all applicable Arkansas laws and rules for filing pleadings and documents in Arkansas courts; and (e) state whether you intend to appear at the Final Approval Hearing, either in person or through counsel.

If you do intend to appear at the Final Approval Hearing to object to the settlement, you must also provide with your written objection a detailed statement of the specific legal and factual basis for each objection, a list of any witnesses you will call at the hearing with each witness' address and summary of the witness' testimony, a detailed description of all evidence you will offer at the hearing with copies of the exhibits attached, and documentary proof of your membership in the Class. You or your lawyer may appear at the Final Approval Hearing if you have filed a written objection as provided above. (See the section on the "Court's Final Approval Hearing" below). If you have a lawyer file an objection for you, he or she must follow all Arkansas rules and you must list the attorney's name, address, bar number, and telephone number in the written objection filed with the Court.

Unless you submit a proper and timely written objection, according to the above requirements, you will not be allowed to object or appear at the Final Approval Hearing. Furthermore, if you want to intervene as a party to the case, you must file a motion to intervene with the Court by November 16, 2015. If you fail to do so, you won't be able to intervene in the case.

Please note that any objections or motions must be submitted by an individual Class Member or his or her attorney, not as a member of a group, class, or subclass. The only exception is that an objection may be submitted on behalf of an individual Class Member by his or her Legally Authorized Representative (see Question 17 above for a definition of that term).

### 27. What's the difference between objecting and excluding yourself?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object, because the case no longer affects you. If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing called a "Final Approval Hearing" (also known as a "Fairness Hearing") to decide whether to approve the settlement. If you have not excluded yourself from the settlement, you may attend the Final Approval Hearing and you may ask to speak, but you don't have to.

### 28. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing to decide whether to finally approve the proposed settlement. You may attend and you may ask to speak, but you don't have to do either one.

The Final Approval Hearing will be on December 16, 2015, at 1:00 p.m. before Judge Jerry Ryan, Circuit Court of Polk County, 507 Church St., Mena, AR 71953.

At this hearing, the Court will consider whether the proposed settlement and all of its terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak the hearing and complied with the other requirements for objections explained in Question 26 above. The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class and whether and how much to award the Class Representatives for representing the Class.

At or after the hearing, the Court will decide whether to finally approve the proposed settlement. There may be appeals after that. We do not know how long these decisions will take.

The Court may change deadlines listed in this Notice without further notice to the Class. To keep up on any changes in the deadlines, please contact the Settlement Administrator or review the website (www.HomeownersInsuranceSettlement.com).

## 29. Do I have to come to the Hearing?

No. Class Counsel will answer any questions asked by the Court. But, you are welcome to come at your own expense. If you intend to have a lawyer appear on your behalf at the final approval hearing, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than November 16, 2015, and you must comply with all of the requirements explained in Question 26.

If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it.

## 30. May I speak at the Hearing?

If you submitted a proper written objection to the settlement, you or your lawyer acting on your behalf may speak at the Hearing. To do so, you must send a Notice of Intention to Appear and follow the procedures set out in Question 26. Your Notice of Intention to Appear must be mailed to the Settlement Administrator so that it is **postmarked no later than November 16, 2015**, and it must be **filed** with the Clerk of the Court by that same date. See Question 26 for the addresses. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

## 31. What happens if I do nothing at all?

If you do nothing, you will get no money from this settlement. But, unless you exclude yourself, you won't be able to sue or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

## 32. How do I get more information about the settlement?

You may obtain additional information by

- Calling the Settlement Administrator toll-free at 1-888-773-8278 to ask questions and receive copies of documents, or e-mailing the Settlement Administrator at info@HomeownersInsuranceSettlement.com.

- Writing to the Settlement Administrator at the following address:

USAA Class Action Settlement
P.O. Box 2411
Faribault, MN 55021-9100

- Visiting the settlement website (www.HomeownersInsuranceSettlement.com), where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you.

- Reviewing legal documents that have been filed with the Clerk of Court in this lawsuit at the Court offices stated in Question 26 above during regular office hours.

- Contacting Class Counsel listed in Question 24 above.

**PLEASE DO NOT CALL THE JUDGE, THE COURT CLERK, OR USAA TO ASK QUESTIONS ABOUT THIS LAWSUIT OR NOTICE.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS. IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

QUESTIONS? CALL 1-888-773-8278 TOLL-FREE, OR VISIT www.HomeownersInsuranceSettlement.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR 1-888-773-8278, O VISITAR www.HomeownersInsuranceSettlement.com.
-16/3

IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

MARK I. AND KATHERINE
ADAMS, ET.UX. FOR THEMSELVES
AND THOSE SIMILARLY SITUATED                              PLAINTIFFS


V.                        CASE NO. CV2015-105


UNITED SERVICES AUTOMOBILE ASSS'N, USAA
CASUALTY INSURANCE COMPANY, USAA GENERAL
INDEMNITY COMPANY, & GARRISON PROPERTY &
CASUALTY INSURANCE COMPANY, ALL COLLECTIVELY
AS "USAA"                                                 DEFENDANTS


ARKANSAS VETERANS AS A SUB-CLASS NOW DEPLOYED,
THOSE ON ACTIVE DUTY OR RETIRED IN STATE,
AND OTHERS AS HEIRS/WIDOW(ERS) OF VETERANS,
ALL ENTITLED TO DISCLOSURE OF THE FACTS
REASONABLY CALCULATED  A) TO  DETERMINE
THE VERIFIABLE EXTENT OF THE USAA
UNDERPAYMENT OF CLAIMS, B) THE  TOTAL
ORIGINAL UNDERPAYMENT WERE ALL REDUCED CLAIMS
PAID IN FULL BY USAA, C) THE REDUCED
AMOUNT PROJECTED  TO BE PAID TO THE CLASS
MEMBERS USING  PERCENTAGES, D) THE
ASSUMPTIONS MADE IN ALL CALCULATONS, E) THE
AMOUNT DUE WERE CLAIMS NOW PAID IN FULL
WITHOUT THE PERCENTAGE REDUCTION,  &
F) THE  METHODOLOGY OF CALCULATING
$ 1,850,000.00 ATTORNEYS FEES,
IN THEIR REPRESENTATIVE
CAPACITY, AND INDIVIDUALLY.                               OBJECTORS


A SUB-CLASS OF ALL MEMBERS OF                            SUB-CLASS
USAA, NOT A MEMBER OF THE CLASS,
 RESIDING IN ARKANSAS


1

## OBJECTING VETERANS' MOTION TO DISMISS
## FOR VIOLATING A POLICY AGAINST FORUM SHOPPING

### AND IN THE ALTERNATIVE

## MOTION FOR CONTINUANCE TO PERMIT
## THE EXPLORATION OF ISSUES SUCH AS TO ALLOW
## A CONCLUSION THAT BEST INTERESTS ARE SERVED
## FOR BOTH THE CLASS MEMBERS AND THE PUBLIC

**COMES** the Trammell Law Firm, for veterans including Kenneth L. Wartick, Lt. Col. USMC (Ret.) of Benton, Arkansas; Thomas Meadows, CAPT (Ret.) USN, of Mountain Home, Arkansas; Paul R. Siedsma, USNA 1975, of Bentonville, Arkansas; and, Gene Flesher, Jr. USN (Ret.) USNA 1961, of Hot Springs, AR, in their individual and representative capacities for deployed and distracted, the heirs of a deceased veteran, and other veterans active and retired, to state an objection to the settlement, as follows:

### Forum Shopping

1.    The matter should be dismissed, for both a prior pled failure to demonstrate the requisite best interests of the class members, and for policy reasons in this state related to a party's attempt at forum shopping.  Either one or both together require the case not be allowed to go forward, given the court's reasoned professional judgment that these proceedings prohibit a conclusion otherwise.

2.    While USAA is free to conclude that "they would now be better served by another judge," the Circuit Courts will not "... encourage for obvious reasons" an actual attempt at trying to judge-pick a path of less resistance.   Worth v. Benton County Circuit Court, 351 Ark. 149, 160, 89 S. W. 3d 891. 898 (Ark.,2002)

Respectfully submitted,

115

Robert D. Trammell,
AR Bar No. 81156
TRAMMELL LAW FIRM
13608 Kanis Road
Little Rock, AR 72211
Phone: 501-223-3100
Fax: 501-223-3103
Email: rdt@tlf-arkansas.com
*Attorney for Intervenor*

## CERTIFICATE OF SERVICE

I, Robert D. Trammell, hereby certify that I have served the foregoing instrument via U.S. mail upon the following this 15th day of December, 2015:

John Baker  # 97024
Mitchell-Williams
424 W. Capitol, #1800
Little Rock, AR  72201
*For USAA*

W. H. Taylor
303 E. Millsap Road
Fayetteville,  AR  72703
And
Matt Keil
406 Walnut St
Texarkana, AR  75504
*For the Class*

Robert D. Trammell, AR Bar No. 81156
*Attorney for Objecting Veterans*

IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

MARK I. AND KATHERINE
ADAMS, ET.UX. FOR THEMSELVES
AND THOSE SIMILARLY SITUATED                         PLAINTIFFS


V.                          CASE NO. CV2015-105


UNITED SERVICES AUTOMOBILE ASSS'N, USAA
CASUALTY INSURANCE COMPANY, USAA GENERAL
INDEMNITY COMPANY, & GARRISON PROPERTY &
CASUALTY INSURANCE COMPANY, ALL COLLECTIVELY
AS "USAA"                                             DEFENDANTS


ARKANSAS VETERANS AS A SUB-CLASS NOW DEPLOYED,
THOSE ON ACTIVE DUTY OR RETIRED IN STATE,
AND OTHERS AS HEIRS/WIDOW(ERS) OF VETERANS,
ALL ENTITLED TO DISCLOSURE OF THE FACTS
REASONABLY CALCULATED  A) TO DETERMINE
THE VERIFIABLE EXTENT OF THE USAA
UNDERPAYMENT OF CLAIMS, B) THE TOTAL
ORIGINAL UNDERPAYMENT WERE ALL REDUCED CLAIMS
PAID IN FULL BY USAA, C) THE REDUCED
AMOUNT PROJECTED  TO BE PAID TO THE CLASS
MEMBERS USING PERCENTAGES, D) THE
ASSUMPTIONS MADE IN ALL CALCULATONS, E) THE
AMOUNT DUE WERE CLAIMS NOW PAID IN FULL
WITHOUT THE PERCENTAGE REDUCTION,  &
F) THE  METHODOLOGY OF CALCULATING
$ 1,850,000.00 ATTORNEYS FEES,
IN THEIR REPRESENTATIVE
CAPACITY, AND INDIVIDUALLY.                          OBJECTORS


A SUB-CLASS OF ALL MEMBERS OF                        SUB-CLASS
USAA, NOT A MEMBER OF THE CLASS,
 RESIDING IN ARKANSAS

*117*

**OBJECTING VETERANS' MOTION TO DISMISS**
**FOR VIOLATING A POLICY AGAINST FORUM SHOPPING**

**AND IN THE ALTERNATIVE**

**MOTION FOR CONTINUANCE TO PERMIT**
**THE EXPLORATION OF ISSUES SUCH AS TO ALLOW**
**A CONCLUSION THAT BEST INTERESTS ARE SERVED**
**FOR BOTH THE CLASS MEMBERS AND THE PUBLIC**

**BRIEF IN SUPPORT OF OBJECTORS' MOTION TO DISMISS**

1.   A.   This Tuesday motion is timely, given the new public disclosure of Monday the 14th that this matter was underway in the U. S. District Court, Western District, Ft. Smith Division, until days before its dismissal without prejudice, and immediate refiling in this state court.

B.   This state court is still one conducted pursuant to our rules of civil procedure. The settling parties have tried to implant into their pre-package documents here a re-writing of the rules, artificial barriers, restraints, and deadlines that cannot be met in the time allotted. This is unique to these moving parties, and one wonders if they would tell a Federal judge how we were going to run this litigation.

C.   The timing  schedule for USAA and Class Counsel however allow the service of voluminous final pleadings on adverse parties on the *day prior to the hearing.*   Fortunately, we believe the court wants to treat all parties fairly, wants to do what is right by the class members, and in accordance with good fundamental, simple concepts of justice to hear everyone out.   A hearing day has been set, and the people should be heard.

2.   It was intentional that the notice was silent about any disclosure that the parties have worked on this case for two years in Federal court. USAA first wants to leave state court. USAA wants to come back.  What changed?    That information is relevant for the class members to understand why there is an empty state docket sheet as to actions taken leading to the settlement.

*118*

That is a critical factor to consider in indicating collusion involved in the terms of the proposed settlement, and its "quality" related to justice being served. Commentary around this case suggests the preferred venue had become unfriendly. *See Exh A, re: Federal Judge Holmes*

3.    USAA has muzzled its local counsel as unable to articulate its position for public consumption. Instead, a public relations specialist in Sacramento, CA, candidly disclosed to *Arkansas Business* that USAA was willing to do what was necessary to rid itself of this action, separate from any merit of the complaint. *Exh B*   Is he saying that USAA is amenable to cost-efficient molestation? Is that the fiduciary partner of our armed forces talking; such courage in the face of an adversary.  USAA's statement made no reference to its legal fiduciary obligations to the members, all who were veterans that entrusted their property to USAA when solicited under a banner of feigned-patriotism.  The relationship between military members and USAA is a special relationship, because of its representations.  USAA now insures 94% of all military officers, and even 44% of enlisted.

4.    USAA also kept its counsel muzzled when these veterans requested through counsel the basic information pertaining to the methodology used in the determination of the financial terms of the settlement.       When objectors made polite inquiry of how one might access the materials exchanged with the Class Counsel under appropriate protective orders, counsel to USAA replied with the absurd, that the disclosure of information matter could be taken up at the final settlement hearing. *See Exh's C. & D. to John Baker for USAA, November 16 and 24.*   USAA has no desire to reveal to its members anything it has done in concert with the Class Counsel. It wants to buy its peace, but at the expense of the class members.

5.    Everything about this case has a sham aspect to it:

119

A.     USAA either owed the money to the veterans and other members at the time of their loss, or USAA has a genuine defense and can rightfully deny any liability. Since our Supreme Court is composed of bright, deliberative people, its opinion is entitled to at least the respect due such individuals, even if they are not *experts* on the concepts of insurance, protection of property, and indemnification. But, **those managing policy at USAA's property and casualty division of its insurance business** are experts, so they knew what they were doing in depreciating labor, long before they were told by the Supreme Court that their practices are "inconsistent with the principles of indemnity." *Adams* 430 S.W. 3d 675, at 678-679

B.     Since USAA owed the money at the time of the original loss, it still owes the money and all of it. The Objectors are aerospace engineers, computer hardware futurists, and even "lowly" 4-striper warship captains fighting for freedom.     The affidavit of Thomas Meadows, *Exh E,* speaks for the sub-class that should be recognized, and deemed capable of requiring that USAA meet it duty to the members, as a defined group.

C.     Instead, USAA has included many in the class that actually will receive <10% of the amount entitled, because USAA will take a technical, defensive position that the limitations period has run on the members' rights under contract. The correct legal position, but not taken by the Class Counsel for the benefit of the class, is that the statute of limitations is tolled because 1) USAA failed to disclose it knew that it was shorting the payments on the homeowners' losses, and 2) USAA as a fiduciary of its own creation is held to a higher standard in dealing with the veteran-member, who were all induced into a special relationship with USAA via its 'flag and country' marketing scheme. Disgorgement is the classic remedy for fiduciary misconduct.

D.     From looking at the Xeroxed-single-spaced-from-a-binder-and-filed-as-original prepackaged nature of this class action, it is difficult to see what Class Counsel has done besides

/ 𝒹0

package up a settlement for their benefit, without evidence of much work required to do it.   This record in this court is silent.  Contrasting, attached is a current docket sheet from the on-going Benham v. Agents Mutual Insurance,  Sebastian Circuit CV 2013-110-F.  *Exh F.*  It is obvious from the listings to anyone familiar with the courtroom that Agents Mutual Insurance is *strongly* resisting the prosecution of the matter, constituting 82 filings in 2 years.  It is requested that the court accept into evidence the certified docket sheet here in Polk County Circuit that reflects all filings **prior to** the joint motion that a preliminary settlement be approved.

E.      The last-minute Tuesday service of filings of Class Counsel and USAA are directed at the advocate challenging, instead of addressing most of what is contained in this summary motion. Class Counsel actually can do noble work generally, by providing accountability for the misconduct to consumers resulting in small losses.  And it is risky and they should be paid well, but due to historical abuses there is proof required to verify the value to the class.   The personal attacks are just a ritual ingrained in certain brands of lawyer migrating to higher-stakes matters unusual for this state and western Arkansas.     That animus also bleeds over to the corporate defendant USAA, whose perceptions of our profession, related to is reference in the press of "extremely expensive" hourly billings, cause USAA to refuse to pay their local lawyer to even speak for it to the public.

F.  This case is special in its context of a fiduciary, USAA, disregarding the natural reaction of the military veteran who thinks in terms of trust, duty, honor and country.    The terms of the settlement solidly reveals a sham that the layperson will understand without study, as he or she grows foul toward our profession from this case's transparent abuses and liberties taken of the system and this court.

/ ə /

G.   A.   What follows are the settlement terms, translated to plain language,  with only slight license taken to direct focus to the sweeping, callous disregard by USAA,.  It is the <u>summation of why this *paper mache* 'effort should be dismissed</u> and the parties left to their own devises, by post-hearing motion or modification.

B.   The settlement terms, condensed:

*"We will pay no veteran or member anything unless you file a "claim" in 90 days. Before that, you must digest a 10-page, single-spaced maze of caveats and limitations called the "Notice."  Any changes in legal status over the 8 years will require you to produce probate, estate, legal, and financial paperwork.  You must sign under the threat of perjury.  Go find a notary; verifying your claim form against our data is not our job.  Yes, that claim form contains only information we already know.   If you forget, lose it, be overseas, or not be inclined to do so as a matter of nuisance, you cannot expect us to pay you based on the information we know, even though everyone, even the Arkansas Supreme Court said USAA intentionally underpaid you.  In no event will you get even 10% of what we owe you, if your loss is before July, 2008; USAA will use the statute of limitations against you.   From 2008 to 2013, you will get no more than 35% or 45% of what we really should have paid you.*

*"If every member does what you were told, USAA could pay out as much as $3,445,598. We realize that human nature being what it is,  half the rebates from Apple or Staples are lost. Few will labor through an obnoxious 10 pages of instructions.  We made it hard for a reason. In reality the Class Counsel will likely be paid an amount much greater than the total payout to the veterans and other members.*

/ 22

*"We did not perform before the settlement was presented a common statistical analysis using data from known predictive human behavior, which would provide the court with a reliable ratio between Class Counsel's attorneys fees, versus financial benefit to the class.*

*"The figure of $3,445,598 potential is pure hyperbole, feigned to produce approval. This gives "the train" irretrievable momentum. Please do not rely on it. We keep what we don't pay out. In the end, from only the proof now before the court, it is just as likely that USAA will probably make money from our conduct. No one knows how we arrived at this scheme. We will not reveal anything we know, now that Class Counsel is happy.*

*Any suggestion that USAA should pay some minimum amount that should have been paid, as an acknowledgement that the military veterans of USAA are victims, will not happen. The Objectors' suggestion that an excess amount not paid should go to housing for newly-disabled vets or similar, is 'incoherent' and 'hiding behind a log.' USAA wants to keep on "serving our members", just not the ones in Arkansas who we shorted in their homeowners' claims the past 9 years in Arkansas.*

6.  This court has before it a unique relationship between fiduciary and veteran, a regrettable mutation of our rules on jurisdiction, and the misuse this court to an end not designed by any rule or precedent. A burden of proof always must be met. There is no harm to class members from delay, and all expenses fronted by USAA are negligible in relative terms. USAA should answer the bell and now tell the truth to this court like its California PR professional, or resume its stance and prove, in the face of the Supreme Court to the contrary, that it should and will continue to deny all liability.

123

Respectfully submitted,

Robert D. Trammell,
AR Bar No. 81156
TRAMMELL LAW FIRM
13608 Kanis Road
Little Rock, AR 72211
Phone: 501-223-3100
Fax: 501-223-3103
Email: rdt@tlf-arkansas.com
*Attorney for Intervenor*

**CERTIFICATE OF SERVICE**

*email w/ letter to Court*

I, Robert D. Trammell, hereby certify that I have served the foregoing instrument via U.S. mail upon the following this 15th day of December, 2015:

John Baker # 97024
Mitchell-Williams
424 W. Capitol, #1800
Little Rock, AR 72201
*For USAA*

W. H. Taylor
303 E. Millsap Road
Fayetteville, AR 72703
And
Matt Keil
406 Walnut St
Texarkana, AR 75504
*For the Class*

Robert D. Trammell, AR Bar No. 81156
*Attorney for Objecting Veterans*

134



Home (/) / News ()

# Federal judge may consolidate Whirlpool lawsuits

By - Associated Press
Friday, January 24, 2014



FORT SMITH, Ark. (AP) - A federal judge is weighing whether to consolidate two lawsuits against Whirlpool Corp. over pollution at its former factory in Fort Smith.

U.S. District Judge P.K. Holmes said in an order issued Wednesday that the lawsuits are nearly identical and were filed at the same time in state court. They have since been moved to federal court.

The Southwest Times record reports (http://is.gd/wPjaBB ) one lawsuit is on behalf of 10 homeowners and the other is on behalf of landlords who own 36 properties.

A separate complaint seeks class status.

The factory closed in 2012 and the company says a plume of trichloroethylene, a known carcinogen, leaked into groundwater at the plant site.



125

A
A

John Goodson's New Class-Action Strategy Takes Place of One B...upreme Court | Arkansas Business News | ArkansasBusiness.com          12/14/15, 12:01 PM

Case 2:14-cv-02013-PKH   Document 62-1   Filed 04/18/16   Page 29 of 39 PageID #: 2046

Arkansas Business has found two other cases where the Keil & Goodson firm participated in settling class-action lawsuits this year and shared a total of $1.86 million in attorneys' fees and expenses. Those cases had been in federal court but were refiled in state court for prompt settlement.

~her Matt Keil nor John Goodson, a member of the University of Arkansas Board of Trustees and . and of Arkansas Supreme Court Justice Courtney Goodson, returned messages seeking interviews about the settlements.

W.H. Taylor of the Taylor firm also didn't return messages seeking comment.

USAA's attorney, Lyn Pruitt of Little Rock, referred calls to the insurance company.

USAA agreed to settle the case while admitting no wrongdoing because "class-action litigation is inherently unpredictable and can be extremely expensive and disruptive of USAA's day-to-day operations," USAA spokesman Roger Wildermuth said in a statement to Arkansas Business. "So sometimes it is better for USAA's membership as a whole to settle class actions so we can remain focused on serving our members."

### Adams v. USAA

The events in the case pending in Polk County Circuit Court date back to April 2009, when a tornado damaged the Mena home of Mark and Katherine Adams.

The Adamses submitted a claim to USAA, and the USAA adjuster determined the covered loss for two structures totaled nearly $51,000. USAA, however, subtracted nearly $8,000 from the adjuster's replacement cost estimate for depreciation.



(http://abpg.nui.media/pipeline/441/0/cj? aikey=V12A3757E42I-

Arkansas law allows an insurance company to depreciate physical assets, such as materials used to repair or replace the damaged property, when determining the actual cash value of a claim, according to the Adamses' lawsuit.

"However, an insurer may not depreciate labor costs associated with such repair or replacement," according to the lawsuit filed on Dec. 5, 2013, in Polk County Circuit Court by Keil & Goodson, five attorneys from Taylor's firm, Jason Roselius of Oklahoma and Richard Norman of the Crowley Norman firm.

Mark and Katherine Adams, through the attorneys, accused USAA of breaching its duty to indemnify the couple by depreciating the labor costs associated with repairs to the properties.

The attorneys said they believe that "hundreds if not thousands" of Arkansas policyholders had been damaged by USAA's actions and asked that the case be certified as a class action.

"Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class," the lawsuit said. "Plaintiffs have retained counsel who are competent and experienced in class action litigation, including insurance-related cases. Plaintiffs and their counsel will prosecute this action vigorously."

### Settlement Talks

Pruitt, USAA's attorney, quickly moved the lawsuit to federal court.

That option was available under the Class Action Fairness Act of 2005, which allows a lawsuit involving a class of plaintiffs from multiple states to be moved out of a state court and into federal court by motion of the defendants. Similarly, the defendants can unilaterally move a class-action case into federal court if the plaintiffs claim damages, including attorneys' fees, of more than $5 million.

In enacting CAFA, Congress intended to give class-action defendants relief from the kind of legal shenanigans that kept cases in friendly state courts.

The USAA case made it to U.S. District Court in Fort Smith in January 2014, the month after it was filed in circuit court. Not much happened until May 2014, when both sides asked to stay all p    \dings, including discovery, while they attempted to settle the case. Chief U.S. District Judge P. K. rlolmes III granted the motion.

Would you use Wal-Mart's new mobile pay system, Wal-Mart Pay?
(/polls/current)



**Robert Trammell**

| | |
|---|---|
| **From:** | Robert Trammell <rdt@tlf-arkansas.com> |
| **Sent:** | Tuesday, November 17, 2015 6:17 PM |
| **To:** | 'John Baker' |
| **Cc:** | 'T.J. Fosko' |
| **Subject:** | RE: USAA/Adams |

John:

With your permission, I will attach this message and the one below to the motion I am filing in an attempt to acquire some information now protected by your early agreement struck, when you were negotiating the pre-packaged cram down filing.   I trust you misspoke when you said you would disclose information that is needed to prepare for the Settlement Hearing, at the settlement hearing.

RDT

**From:** John Baker [mailto:jbaker@mwlaw.com]
**Sent:** Tuesday, November 17, 2015 11:24 AM
**To:** 'Robert Trammell'
**Cc:** Lyn Pruitt
**Subject:** USAA/Adams

Bob:

I am in receipt of your letter of November 15, 2015 and your email below and its attachment.  We will respond to them either at the Settlement Hearing, with a filing in advance of the hearing, or both.  Thank you.

MITCHELL  WILLIAMS

**John Keeling Baker**
W 501.688.8850 | C 501.940.8850 | F 501.918.7850 | H 501.663.8494
jbaker@mwlaw.com | MitchellWilliamsLaw.com
425 W. Capitol Ave. | Ste. 1800 | Little Rock, AR 72201
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.

**From:** Robert Trammell [mailto:rdt@tlf-arkansas.com]
**Sent:** Monday, November 16, 2015 5:41 PM
**To:** John Baker
**Subject:** USAA

John:

I have filed an intervention, and an objection, for two sets of insureds, one class members and one not.

1
/ ∂7





THE
TRAMMELL LAW FIRM
13608 Kanis Road, Little Rock, AR 72211
501-223-3100   (fax) 501-223-3103
rdt@tlf-arkansas.com

November 24th, 2015

To:  Class Counsel

cc:  Mr. Baker

Re:  USAA

Please provide a regularly used confidentiality agreement now so as to accommodate the time constraints built into the agreed scheduling order.   It would sets forth the terms of the delivery of the documents, and the  maintenance of the confidentiality of the records.

Thanks,

Bob Trammell

cc:  Objectors

128

IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

**MARK I. AND KATHERINE
ADAMS, ET.UX. FOR THEMSELVES
AND THOSE SIMILARLY SITUATED**                    **PLAINTIFFS**

**V.**                          **CASE NO. CV2015-105**

**UNITED SERVICES AUTOMOBILE ASSS'N, USAA
CASUALTY INSURANCE COMPANY, USAA GENERAL
INDEMNITY COMPANY, & GARRISON PROPERTY &
CASUALTY INSURANCE COMPANY, ALL COLLECTIVELY
AS "USAA"**                              **DEFENDANTS**

**KENNETH L. WARTICK, THOMAS MEADOWS,
PAUL R. SIEDSMA, AND GENE FLESHER, JR.**                **OBJECTORS**

### <u>AFFIDAVIT OF THOMAS MEADOWS</u>

Comes the affiant, Thomas Meadows, and states:

   1. My name is Thomas Meadows. I am a retired U.S. Navy Captain living in Mountain

Home, Arkansas. I was a naval aviator for twenty-six years, and I have been a USAA Member

for roughly thirty years. Since the mid-1980's, I have purchased and used USAA's automobile

insurance. I have also used banking, and investment products for roughly twenty years and, five

years ago, added homeowners insurance. I was shocked and disappointed to learn of this Class

Action against USAA and the amounts listed in the notice. USAA has built itself on a reputation

of service, honor, and integrity. If USAA truly holds to these core values, the alleged actions

should be inconceivable. Furthermore, USAA's willingness to agree to pay fees of $1,850,000 to

a couple of attorneys while still resisting the duty to supplement the body of under-paid claims,

implies a deviation from those same values.

1

129



2. My objection to the settlement as a Class Member is also that USAA is willing to compensate only Class Members that submit claims under this action, rather than all the affected Members. This settlement serves only Class Members receiving the mailer who also have the capacity to respond and meet the short deadline. Full disclosure of actions taken, a public explanation of what happened on the front end, and proper compensation to all impacted Arkansas claims would bring full accountability to USAA. USAA in their marketing certainly implies that they are accountable to the veteran core of their membership.

3. My objection as a USAA member reaches the integrity of USAA. If USAA had adhered to its advertised core values, USAA Members would have no reason to challenge claim settlements in this manner. I expect that USAA has detailed internal records that can be reviewed and adjusted, if necessary, to reach industry standard accounting practices. USAA should not abandon its institutional integrity by making it difficult to resolve an accounting error or intentionally shorting claims on a mostly veteran crowd to support an annual financial report. I, as a USAA Member, would rather USAA maintain its reputation of service and integrity rather than shave a few dollars from claims to increase profits. This case has shaken my faith in USAA, and a settlement, without clarification of this depreciation issue, will leave lingering questions about a company to which I have entrusted my financial security. USAA should reject this settlement and resolve this internally without pressure from the legal system.

FURTHER AFFIANT SAYETH NAUGHT.

*Thomas Meadows*
THOMAS MEADOWS

STATE OF ARKANSAS      }
                       }
COUNTY OF BAXTER       }

2

130

E-2

On this day before the undersigned, a notary public, duly qualified and acting in and for the county and state aforesaid personally appeared **Thomas Meadows**, satisfactorily proven to be the person whose name appears in the foregoing instrument, and stated that he has executed the same for the consideration, uses, and purposes therein stated.

In witness whereof, I hereunto set my hand and seal on this _7th_ day of December, 2015.

NOTARY PUBLIC

My Commission Expires:

01/20/2024

3

/3/

# Case Summary

---

## MELISSA BENHAM, AGENTS MUTUAL INSURANCE COMPANY - (IS) Insurance

Court: CV-2013-1110-F                                      Agency: Sebastian County Circuit Court (FS)

                              CaseID: 15-5114
Type: CV                      Received Date: 11/26/2013
Status: Open                  Status Date: 11/26/2013

Age: 741 days   Active Age: 741 days

---

**Case Attributes**
Jury Trial Requested - Yes

**Involvements**
Primary Involvements
  BENHAM, MELISSA  Plaintiff
  AGENTS MUTUAL INSURANCE COMPANY  Defendant
Other Involvements
  HODGES, DAVID A - 403  Attorney
  Engstrom, Stephen - 257  Attorney
  PUTMAN, WILLIAM B  Attorney
  TAYLOR, W H  Attorney
  VOWELL, STEVAN E  Attorney
  MYERS, TIMOTHY J  Attorney
  WOODS, RICK - 622  Attorney
  CASTLEBERRY, CASEY  Attorney
Sebastian County Circuit Court (FS) (CV-2013-1110-F)
  TABOR, STEPHEN - JUDGE6  Judge

**Charges**
  IS - (IS) Insurance  Occurred: 11/26/2013
      Contracts
  BENHAM, MELISSA  Plaintiff

**Events (1)**
  9/14/2015 10:30:00 AM | Hearing | Courts Bldg Room 203
    TABOR, STEPHEN - JUDGE6 (Judge)
    WOODS, RICK - 622 (Attorney)
    HODGES, DAVID A - 403 (Attorney)
    Engstrom, Stephen - 257 (Attorney)
    PUTMAN, WILLIAM B (Attorney)
    TAYLOR, W H (Attorney)
    VOWELL, STEVAN E (Attorney)
    MYERS, TIMOTHY J (Attorney)
    CASTLEBERRY, CASEY (Attorney)
    AGENTS MUTUAL INSURANCE COMPANY
    (Defendant)
    Notes: Defendant's Motion for Summary Judgment & MOTION TO COMPEL
    ATTY VOWELL PRESENT FOR PLTF
    ATTY HODGES PRESENT FOR DEF
    ORAL ARGUMENTS GIVEN.
    COURT TAKES UNDER ADVISEMENT & WILL PREPARE ORDER

**Case Status History (1)**
  11/26/2013 8:31:00 AM | Open
**Filing Cabinet (76)**
  Home (76)

JUSTWARE                          Page 1 of 5                    12/7/2015 10:40:46 AM

# Case Summary

| | |
|---|---|
| 11/26/2013 | Filed Complaint CLASS ACTION COMPLAINT.tif | Uploaded |
| | FILED BY PLTF ATTY PUTMAN |
| | NSR |
| 12/4/2013 | Issued Summons SUMMONS ISSUED TO AGENTS MUTUAL INS CO & RTA.tif | Uploaded |
| | AGENTS MUTUAL INSURANCE COMPANY |
| 1/6/2014 | Filed Other APPEARANCE OF COUNSEL FOR PLTF.tif | Uploaded |
| | FILED BY ATTY STEPHEN ENGSTROM |
| 1/8/2014 | Filed Answer ANSWER.tif | Uploaded |
| | FILED BY ATTY HODGES |
| 2/12/2014 | Filed Motion DEFTS MOTION TO DISMISS & MEMORANDUM BRIEF IN SUPPORT.tif | Uploaded |
| | FILED BY ATTY HODGES |
| 3/19/2014 | Filed Request for Admissions PLTFS FIRST SET OF REQUESTS FOR ADMISSIONS.tif | Uploaded |
| | FILED BY PLTF ATTY HODGES |
| 3/27/2014 | Filed Reply DEFTS REPLY TO PLTFS RESPONSE TO DEFTS MOTION TO DISMISS.tif | Uploaded |
| | FAX FILED BY ATTY HODGES |
| 3/28/2014 | Filed Court Letter COURTS LTR TO COUNSEL LISTING AVAILABLE HRG DATES.tif | Uploaded |
| 3/31/2014 | Filed Reply PLTFS SURREPLY TO DEFTS MOTION TO DISMISS.tif | Uploaded |
| | FILED BY ATTY PUTMAN |
| 4/1/2014 | Filed Attorney Letter ATTY ENGSTROM LTR TO COURT RESPONDING TO COURT'S LETTER REGARDING HRG DATES.tif | Uploaded |
| 4/1/2014 | Filed Entry of Appearance ENTRY OF APPEARANCE BY ATTY CASEY CASTLEBERRY.tif | Uploaded |
| | FOR PLTF |
| 4/1/2014 | Filed Entry of Appearance ENTRY OF APPEARS BY ATTY TOM THOMPSON.tif | Uploaded |
| | FOR PLTF |
| 4/2/2014 | Filed Court's Letter setting hearing COURTS LTR TO COUNSEL CONFIRMING HEARING DATE & TIME.tif | Uploaded |
| | FRIDAY, 4/25/14 AT 11:15 AM |
| 4/14/2014 | Filed Reply DEFTS SURREPLY TO PLTFS SURREPLY TO DEFTS MOTION TO DISMISS.tif | Uploaded |
| | FILED BY ATTY HODGES |
| 4/15/2014 | Filed Court Letter COURTS LTR TO COUNSEL TO RESET HEARING.tif | Uploaded |
| | DUE TO A CONFLICT WITH COURTS SCHEDULE |
| 4/17/2014 | Filed Motion - Brief MOTION FOR EXTENSION OF TIME TO RESPOND.tif | Uploaded |
| | MOTION FOR EXTENSION OF TIME TO RESPOND TO INTERROGATORIES AND REQUEST FOR PRODUCTION |
| 4/17/2014 | Filed Response DEFTS RESPONSES TO 1ST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLTF.tif | Uploaded |
| | FILED BY DEFT ATTY HODGES |
| 4/17/2014 | Filed Motion DEFTS MOTION FOR PROTECTIVE ORDER.tif | Uploaded |
| | PLTFS ATTY HODGES |
| 5/2/2014 | Filed Response RESPONSE TO MOTION FOR PROTECTIVE ORDER.tif | Uploaded |
| | FILED BY DEFTS ATTY PUTMAN |
| 5/6/2014 | Filed Attorney Letter ATTY HODGES LTR TO COURT RE AVAILABILITY.tif | Uploaded |
| | CCS TO OTHER ATTYS |
| 5/6/2014 | Filed Court's Letter setting hearing COURTS LTR TO COUNSEL SETTING HEARING.tif | Uploaded |
| | TUESDAY 6/17/14 AT 1:30 PM |
| 6/30/2014 | Filed Order ORDER-DENYING MOTION FOR PROTECTIVE ORDER.tif | Uploaded |
| 6/30/2014 | Filed Order ORDER-DENYING THE DEFTS MOTION TO DISMISS.tif | Uploaded |
| 8/26/2014 | Filed Attorney Letter ATTY HODGES LTR TO COURT DATED 8-26-14.tif | Uploaded |
| | STRESSING HE WOULD LIKE THE HEARING TO BE ON ALL PENDING MATTERS IN AN ATTEMPT TO HAVE A CLASS ACTION CASE. |
| 8/27/2014 | Filed Attorney Letter ATTY TOMPSON LTR TO ATTY HODGES.tif | Uploaded |
| | REFERENCING JUDGE'S LTR REGARDING DATES FOR HEARINGS |
| 9/3/2014 | Filed Court Letter COURT'S LTR TO COUNSEL WITH POSSIBLE HEARING DATES.tif | Uploaded |
| 9/15/2014 | Filed Request for Admissions REQUEST FOR ADMISSIONS.tif | Uploaded |

133



REQUEST FOR ADMISSIONS AS TO PLTF MELISSA BENHAM, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY STITUATED FILED BY ATTY HODGES

9/15/2014 | Filed Motion MOTION TO DETERMINE THAT THE PLTF.tif |   Uploaded

MOTION TO DETERMINE THAT THE PLTF DOES NOT HAVE SUFFICIENT EVIDENCE AND WITNESSES TO JUSTIFY CLASS CERTIFICATION

9/22/2014 | Filed Motion MOTION IN LIMINE TO PROHIBIT PLTF EXAMINING.tif |   Uploaded

MOTION IN LIMINE TO PROHIBIT PLTF EXAMINING CLAIMS FILES OF DEFT AGENTS MUTUAL INSURANCE CO; MOTION FOR SANCTIONS AS TO PLTF FOR VIOLATING THE DISCOVERY PROCESS ORDERED BY THE COURT IN THIS CASE FILED BY ATTY HODGES

9/26/2014 | Filed Response PLTFS RESPONSE TO DEFTS MOTION TO DETERMINE.tif |   Uploaded

PLTFS RESPONSE TO DEFTS MOTION TO DETERMINE THAT THE PLTF DOES NOT HAVE SUFFICIENT EVIDENCE AND WITNESSES TO JUSTIFY CLASS CERTIFICATION & BRIEF IN SUPPORT OF MOTION TO STRIKE

9/26/2014 | Filed Motion PLTFS MOTION TO STRIKE DEFTS MOTION.tif |   Uploaded

PLTFS MOTION TO STRIKE DEFTS MOTION TO DETERMINE THAT THE PLTF DOES NOT HAVE SUFFICIENT EVIDENCE AND WITNESSES TO JUSTIFY CLASS CERTIFICATION

10/6/2014 | Filed Response PLTFS RESPONSE TO DEFTS MOTION IN LIMINE.tif |   Uploaded

PLTFS RESPONSE TO DEFTS MOTION IN LIMINE TO PROHIBIT PLTF EXAMINING CLAIMS FILES AND DEFTS MOTION FOR SANCTIONS FOR VIOLATING THE DISCOVERY PROCESS AND INCORPORATED BRIEF IN SUPPORT OF PLTFS RESPONSE BY ATTY VOWELL

10/7/2014 | Filed Court Letter COURTS LTR TO ATTYS WITH POSSIBLE HEARING DATES.tif |   Uploaded

10/8/2014 | Filed Court's Letter setting hearing COURTS LTR TO ATTYS SETTING HEARING.tif |   Uploaded

MONDAY, 12/22/14 AT 10:00 AM

10/8/2014 | Filed Response RESPONSE TO MOTION TO STRIKE FILED BY ATTY HODGES.tif |   Uploaded

10/9/2014 | Filed Reply REPLY IN SUPPORT OF MOTION IN LIMINE.tif |   Uploaded

REPLY IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT PLTF EXAMINING CLAIMS FILES OF DEFT AGENTS MUTUAL INSURANCE CO; MOTION FOR SANCTIONS AS TO PLTF FOR VIOLATING THE DISCOVERY PROCESS ORDERED BY THE COURT IN THIS CASE FILED BY DEFT ATTY HODGES

10/9/2014 | Filed Response PLTFS RESPONSE TO DEFTS REQUEST FOR ADMISSIONS.tif |   Uploaded

FILED BY ATTY VOWELL

10/30/2014 | Filed Motion PLTFS FIRST MOTION TO COMPEL AND MOTION FOR SANCTIONS.tif |   Uploaded

PLTFS FIRST MOTION TO COMPEL AND MOTION FOR SANCTIONS AND INCORPORATED BRIEF IN SUPPORT OF PLTFS MOTION FILED BY ATTY VOWELL

11/12/2014 | Filed Response RESPONSE TO PLTFS FIRST MOTION TO COMPEL.tif |   Uploaded

RESPONSE TO PLTFS FIRST MOTION TO COMPEL AND MOTION FOR SANCTIONS AND INCORPORATED BRIEF IN OPPOSITION TO PLTFS MOTION FILED BY ATTY HODGES

12/8/2014 | Filed Other AMENDMENT TO DEFTS OBJECTIOSN AND MOTION.tif |   Uploaded

AMENDMENT TO DEFTS OBJECTIOSN AND MOTION FOR PROTECTIVE ORDER AS TO PLTFS SECOND SET OF REQUEST FOR PRODUCTION FILED NOVEMBER 26, 2014 FILED BY ATTY HODGES

12/12/2014 | Filed Reply REPLY IN SUPPORT OF DEFTS OBJECTIONS AND MOTION.tif |   Uploaded

REPLY IN SUPPORT OF DEFTS OBJECTIONS AND MOTION FOR PROTECTIVE ORDER AS TO PLTFS SECOND SET OF REQUESTS FOR PRODUCTION FILED BY ATTY HODGES

12/12/2014 | Filed Brief MEMORANDUM BRIEF IN SUPPORT OF PLTFS RESPONSE.tif |   Uploaded

MEMORANDUM BRIEF IN SUPPORT OF PLTFS RESPONSE TO DEFTS SECOND OBJECTIONS AND MOTION FOR PROTECTIVE ORDER TO PLTFS SECOND SET OF REQUESTS FOR PRODUCTION FILED BY ATTY VOWELL

12/12/2014 | Filed Response PLTFS RESPONSE 12-12-14.tif |   Uploaded

PLTFS RESPONSE TO DEFTS SECOND OBJECTIONS AND MOTION FOR PROTECTIVE ORDER AS TO PLTFS SECOND SET OF REQUESTS FOR PRODUCTION

12/19/2014 | Filed Attorney Letter LTR FROM ATTY HODGES TO COURT.tif |   Uploaded

RE: DATES TOM TOMPSON WILL HAVE HIS EXPERT REVIEW THE DISCOVERY

12/22/2014 | Filed Other HEARING NOTES OF 12-22-14.tif |   Uploaded

1/26/2015 | Filed Order ORDER-RE PLTFS MOTION TO COMPEL AND MOTION FOR SANCTIONS.tif |   Uploaded

1/26/2015 | Filed Order ORDER-DENYING MOTION IN LIMINE.tif |   Uploaded

DENYING DEFTS MOTION IN LIMINE TO PROHIBIT PLTF EXAMING CLAIMS FILES OF DEFT AGENTS MUTUAL INSURANCE COMPANY AND MOTION FOR SANCTIONS

1/26/2015 | Filed Order ORDER-DENYING DEFTS OBJECTIONS AND MOTION FOR PROTECTIVE ORDER.tif |   Uploaded

134

RE: DEFTS OBJECTIONS AND MOTION FOR PROTECTIVE ORDER AS TO PLTFS SECOND SET OF REQUESTS FOR PRODUCTION

1/26/2015 | Filed Order ORDER-1-26-15.tif | Uploaded

THE MOTION TO DETERMINE PLTF DOES NOT HAVE SUFFICIENT EVIDENCE AND WITNESSES TO JUSTIFY CLASS CERTIFICATE IS DENIED

2/13/2015 | Filed Order AGREED ORDER MODIFYING THE PREVIOUS ORDER.tif | Uploaded

AGREED ORDER MODIFYING THE PREVIOUS ORDER SETTING A TIME TO EXAMINE THE FILES IN THIS CASE

3/16/2015 | Filed Motion MOTION TO EXTEND DISCOVERY DEADLINE.tif | Uploaded

FILED BY PLTF ATTY VOWELL

3/18/2015 | Filed Order AGREED ORDER EXTENDING DISCOVERY DEADLINE.tif | Uploaded

6/26/2015 | Filed Notice NOTICE OF CHANGE OF FIRM NAME AND EMAIL ADDRESS.tif | Uploaded

6/30/2015 | Filed Order DEFTS OBJECTIONS AND MOTION FOR PROTECTIVE ORDER.tif | Uploaded

FILED BY DEFT ATTY HODGES

7/23/2015 | Filed Motion MOTION FOR SUMMARY JUDGMENT.pdf | Uploaded

FILED BY ATTY HODGES FOR DEF

7/28/2015 | Filed Other DEFTS OBJECTIONS AND MOTION.tif | Uploaded

DEFTS OBJECTIONS AND MOTION FOR PROTECTIVE ORDER AS TO PLTFS SECOND SET OF REQUESTS FOR PRODUCTION FILED BY ATTY HODGES

7/28/2015 | Filed Reply RESPONSE TO MOTION TO DISMISS.tif | Uploaded

FILED BY ATTY HODGES

7/28/2015 | Filed Order ORDER FILED 6-30-14.tif | Uploaded

MOTION FOR PROTECTIVE ORDER WAS GRANTED.

7/28/2015 | Filed Court Letter COURT'S TRANSMITTAL LTR TO COUNSEL.tif | Uploaded

TRANSMITTAL OF COURT'S ORDER

7/30/2015 | Filed Response RESPONSE TO MOTION FOR SUMMARY JUDGMENT.pdf | Uploaded

ATTY PUTMAN FOR PLTF

8/3/2015 | Filed Proof of Service PROOF OF SERVICE MARK GRAY.pdf | Uploaded

MARK GRAY-RECEIPT SIGNED 7/14/15

8/3/2015 | Filed Proof of Service PROOF OF SERVICE MICHAEL MANN.pdf | Uploaded

RECEIPT SIGNED 7/14/15

8/3/2015 | Filed Proof of Service PROOF OF SERVICE JOHN DAVID MCCULLOUGH.pdf | Uploaded

RECEIPT SIGNED 7/15/15

8/12/2015 | Filed Reply REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT.pdf | Uploaded

FILED BY ATTY HODGES FOR DEF

8/21/2015 | Filed Attorney Letter LETTER TO COURT FROM ATTY HODGES REQUESTING HRG BE SET ON MOTION TO COMPEL.pdf | Uploaded

8/21/2015 | Filed Court Letter COURT'S LETTER TO COUNSEL LISTING AVAILABLE DATES FOR HRG ON DEF'S MOTION FOR SUMMARY JUDGMENT.pdf | Uploaded

8/24/2015 | Filed Court Letter COURT'S LETTER TO COUNSEL SETTING HRG ON DEF'S MOTION FOR SUMMARY JUDGMENT.pdf | Uploaded

9/14/15 @ 10:30 AM

8/24/2015 | Filed Attorney Letter LETTER TO COURT FROM ATTY VOWELL REGARDING HRG DATES.pdf | Uploaded

Added from Document Scanning session.

8/24/2015 | Filed Attorney Letter LETTER TO COURT FROM ATTY HODGES REGARDING HRG.pdf | Uploaded

8/25/2015 | Filed Motion MOTION TO COMPEL.pdf | Uploaded

FAX FILED BY ATTY HODGES FOR DEF

8/25/2015 | Filed Attorney Letter LETTER TO COURT FROM ATTY ENGSTROM ASKING TO TAKE LEAVE AND BE EXCUSED FROM INCLUSION ON FURTHER SCHEDULING EXCHANGES.pdf | Uploaded

9/9/2015 | Filed Response PLTF'S RESPONSE TO DEF'S MOTION TO COMPEL AND SUPPORTING AUTHORITY.pdf | Uploaded

FILED BY ATTY VOWELL PLTF

9/11/2015 | Filed Court Letter COURT'S LETTER TO COUNSEL RECHEDULING HRG ON DEF'S MOTION FOR SUMMARY JUDGMENT.pdf | Uploaded

9/14/15 @ 10:30 AM

9/21/2015 | Filed Order ORDER (2).pdf | Uploaded

135

## Case Summary

*******************************************************
DEF'S MOTION FOR SUMMARY JUDGMENT IS DENIED.
📄 9/21/2015 | Filed Order ORDER 2.pdf |   Uploaded
*******************************************************
DEF'S MOTION TO COMPEL IS DENIED AT THIS TIME
📄 9/21/2015 | Filed Court Letter COURT'S LETTER TO COUNSEL FORWARDING ORDERS.pdf |   Uploaded

JUSTWARE

136

12/7/2015 10:40:46 AM