## IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

MARK L. ADAMS and KATHERINE S. )
ADAMS, individually and on behalf of all )
others similarly situated, )
)
      **Plaintiffs,** )
)
vs. )    Case No. CV-2015-10
)
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, USAA CASUALTY )
INSURANCE COMPANY, USAA GENERAL )
INDEMNITY COMPANY, and GARRISON )
PROPERTY AND CASUALTY INSURANCE )
COMPANY, )
)
      **Defendants.** )

### PLAINTIFFS' APPENDIX OF EXHIBITS

Respectfully Submitted,

_(signature)_

Matt Keil, Ark. Bar No. 86099
John Goodson, Ark. Bar No. 90018
Keil & Goodson, P.A.
406 Walnut Street
Texarkana, Arkansas 71854
Telephone: (870) 772-4113
Facsimile: (870) 773-2967

Stevan E. Vowell, Ark. Bar No. 75134
William B. Putman, Ark. Bar No. 91198
**TAYLOR LAW PARTNERS**
303 E. Millsap Road
P.O. Box 8310
Fayetteville, Arkansas 72703
Telephone: (479) 443-5222
Facsimile: (479) 443-7842

*Attorneys for Plaintiffs and the Proposed Class*



*137*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November 2015 a true and correct copy of the foregoing document was sent by Electronic and/or U.S. Mail to all counsel of record:

Lyn P. Pruitt, Ark. Bar No. 84121
MITCHELL, WILLIAMS, SELIG,
GATES. & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
Telephone:  501.688.8896
Facsimile:  501.918.7896
lpruitt@mwlaw.com

William B. Putman

138

# EXHIBIT 1

139

IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

| | | |
|---|---|---|
| MARK I. ADAMS and KATHERINE S. ADAMS, Husband and Wife, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. _____ |
| Plaintiffs, | ) | |
| v. | ) ) | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY and   GARRISON   PROPERTY   AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## STIPULATION OF CLASS ACTION SETTLEMENT

140

# TABLE OF CONTENTS

Page

EXHIBITS ......................................................................................................... ii

RECITALS ......................................................................................................... 3

I.      ADDITIONAL DEFINITIONS ............................................................. 4

II.     PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS ........................ 9

III.    THE SETTLEMENT ADMINISTRATOR ........................................... 14

IV.     CLASS NOTICE ................................................................................. 15

V.      COSTS OF CLASS NOTICE ............................................................. 17

VI.     FINAL APPROVAL OF THE PROPOSED SETTLEMENT ..................... 17

VII.    DISMISSAL OF ACTION AND RELEASE OF CLAIMS .......................... 19

VIII.   PAYMENTS TO CLASS MEMBERS ................................................. 21

IX.     SUBMISSION OF CLAIMS BY CLASS MEMBERS ............................. 24

X.      CLAIMS ADMINISTRATION ........................................................... 25

XI.     COMMUNICATIONS WITH MEMBERS OF THE SETTLEMENT CLASS ............. 28

XII.    COSTS OF SETTLEMENT ADMINISTRATION ................................. 28

XIII.   ATTORNEYS' FEE AND INCENTIVE AWARDS .............................. 28

XIV.    DEFENDANTS' MONETARY OBLIGATION UNDER THE SETTLEMENT ......... 30

XV.     REPRESENTATION OF OPT OUTS; CONFIDENTIALITY AGREEMENT ............. 30

XVI.    DISAPPROVAL OR TERMINATION OF THE PROPOSED SETTLEMENT ............ 32

XVII.   REQUESTS FOR EXCLUSION AND OBJECTIONS TO THE SETTLEMENT ........ 34

XVIII.  DENIAL OF LIABILITY ..................................................................... 36

XIX.    RETENTION OF RECORDS ............................................................. 37

XX.     MISCELLANEOUS PROVISIONS ..................................................... 37

141

## EXHIBITS

1. Preliminary Approval Order

2. Mailed Notice

3. Claim Form

4. Final Order and Judgment

142

This Stipulation of Class Action Settlement ("Stipulation") is made by and between (1) Mark I. Adams and Katherine S. Adams (the "Named Plaintiffs"), on behalf of themselves and as putative representatives of the Settlement Class defined in Paragraph 33 below (collectively, "Plaintiffs"), and (2) United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company, and Garrison Property and Casualty Insurance Company (individually, a "Defendant" and collectively, "Defendants"). Plaintiffs and Defendants are referred to collectively as "the Parties."

This Stipulation is entered into to effect a full and final settlement and dismissal with prejudice of all claims of Plaintiffs against all Released Persons relating to the above-captioned lawsuit (the "Action") on the terms and to the full extent set forth below, subject to the approval of the Court.

<u>RECITALS</u>

WHEREAS, the Named Plaintiffs filed a Class Action Petition, which is now pending in the Circuit Court of Polk County, Arkansas, in Case No. _____ (the "Action"); and

WHEREAS, the Action alleges that Defendants improperly applied depreciation to the labor component of the replacement cost value when calculating actual cash value in adjusting claims for Structural Losses under Homeowners Insurance Policies; and

WHEREAS, Defendants have denied and continue to deny all material allegations of the Action, as to which Defendants have also raised numerous additional defenses; maintain that they have acted consistently in accordance with their insurance policies and all applicable laws and regulations; and further maintain that the Action does not satisfy the requirements of a class action other than for purposes of settlement as provided in this Stipulation under Arkansas class action law and the Arkansas Rules of Civil Procedure; and

143

WHEREAS, the Named Plaintiffs and Class Counsel, while believing that the claims asserted in the Action have substantial merit, have considered the risks associated with the continued prosecution of this complex and time-consuming litigation, as well as the likelihood of success on the merits of the Action at trial and upon any appeal therefrom, and believe that, in consideration of all the circumstances, the Proposed Settlement embodied in this Stipulation is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, Defendants, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless have agreed to enter into this Stipulation to avoid further burden and expense of protracted litigation and to be completely free of any further controversy with respect to the Released Claims, and to effect a full and final settlement with prejudice of such claims on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties, through their respective counsel, that the Action be settled and compromised by the Named Plaintiffs, the Settlement Class, and Defendants on the following terms and conditions, subject to the approval of the Court after hearing as provided in this Stipulation:

## I.   ADDITIONAL DEFINITIONS

In addition to terms defined elsewhere in this Stipulation, the following terms shall be defined as follows:

1. "ACV Payment" means an actual cash value payment made on an insurance claim, calculated by estimating the replacement cost value of the covered damage, and subtracting Depreciation (as defined below), any applicable deductible, and any other amounts that are properly subtracted under the terms of the Homeowners Insurance Policy.

2. "Attorneys' Fee Award" means the Court-approved award of attorneys' fees, costs, and expenses to Class Counsel, as provided in Paragraphs 76-79.

4

3.   "Claim Form" means the Court-approved claim form, without material substantive alteration from Exhibit 3, that a Settlement Class Member must submit to be considered for payment under the Final Settlement, as provided in Paragraphs 65-68.

4.   "Claim Resolution Process" means the procedures described in Paragraphs 69-73 of this Stipulation for the presentation, evaluation, and resolution of claims.

5.   "Claim Payment" shall have the meaning given such term in Paragraphs 59-64.

6.   "Claims Submission Deadline" means the date by which qualifying Claim Forms must be postmarked in order to be considered timely, as further provided in Paragraph 67.

7.   "Class Counsel" means the attorneys approved and appointed by the Court to represent the Settlement Class Members, as provided in Paragraph 38.

8.   "Class Period" means the period of January 1, 2006, through December 31, 2014.

9.   "Confidential Information" shall have the meaning given such term in Paragraph 82.

10.   "Covered Loss" means any Structural Loss, as defined in Paragraph 35, to any building or other structure located in the State of Arkansas that (a) occurred within the Class Period, (b) was determined by a Defendant or by a court or arbitrator of competent jurisdiction to be covered by a Homeowners Insurance Policy issued by that Defendant, and (c) resulted in a payment by that Defendant within the Class Period.

11.   "Court" means the Circuit Court of Polk County, Arkansas.

12.   "Depreciation" means an amount subtracted from replacement cost value to calculate actual cash value in making an ACV Payment, reflecting the age, condition, wear and tear and/or obsolescence of item(s) of property that have been damaged as part of a Covered Loss. For avoidance of doubt, "Depreciation" includes both materials and non-materials components of pricing (including but not limited to general contractor overhead and profit and sales tax) subtracted from replacement cost value to calculate actual cash value in making an ACV Payment.

13.   "Effective Date" means the date when each and all of the following conditions have occurred:

(a)   This Stipulation has been fully executed by the Parties and their counsel;

5

145

(b)   No Party has terminated the Stipulation;

(c)   Orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Stipulation, and approving a form of notice and claim forms, all as provided in this Stipulation;

(d)   The Court has entered the Final Order and Judgment, without material alteration from Exhibit 4, finally approving this Stipulation and releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend, as provided in this Stipulation; and

(e)   The judgment has become Final as defined in Paragraph 15.

14.   "Eligible Class Member" means a Settlement Class Member who timely submits a Claim Form in accordance with Paragraphs 65-68, and satisfies the eligibility criteria stated in Paragraphs 59-64.

15.   "Final," when referring to a judgment order, means that (a) the judgment is a final, appealable judgment; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the Final Order and Judgment.

16.   "Final Approval Hearing" means the fairness hearing conducted by the Court to consider final approval of this Stipulation and Proposed Settlement, as provided in Paragraph 56.

17.   "Final Order and Judgment" means the Final Order and Judgment Approving Class Action Settlement, without material alteration from Exhibit 4, disposing of all claims asserted in the Action against Defendants and all claims settled under the Final Settlement, as further provided in Paragraphs 56-58.

18.   "Final Settlement" means the settlement approved by the Court in the Final Order and Judgment as reasonable, adequate, and in the best interests of the Settlement Class Members as provided in Paragraphs 56-58.

19.   "Homeowners Insurance Policy" means a policy of insurance providing structural damage coverage for a home, manufactured home, condo, farm/ranch, or rental dwelling.

6

146

20.   "Incentive Award" means the potential award to the Named Plaintiffs, as approved by the Court and provided in Paragraphs 76-79.

21.   "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; a guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person or entity responsible for handling the business affairs of a Settlement Class Member.

22.   "Mailed Notice" means the Court-approved notice, without material substantive alteration from Exhibit 2, mailed to potential Settlement Class Members, as provided in Paragraphs 49-50. The Settlement Administrator may make formatting changes, as it deems appropriate.

23.   "Mailed Notice Date" means the date that the initial mailing of the Mailed Notice to potential Settlement Class Members, as provided in Paragraph 49, is completed.

24.   "Neutral Evaluator" means a neutral third party agreed to by the Parties and approved by the Court as provided in Paragraphs 40 and 42(k), whose duties are limited to those set forth in Paragraph 69(h).

25.   "Opt-Out List" shall have the meaning given such term in Paragraphs 42(n) and 93.

26.   "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

27.   "Preliminary Approval Order" means the order without material alteration from Exhibit 1, and as further provided in Paragraph 42.

28.   "Proposed Settlement" means the settlement described in this Stipulation, before final approval by the Court in the Final Order and Judgment.

29.   "Release" shall have the meaning given such term in Paragraphs 30-31, 36, and 57-58.

30.   "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law or equitable, including but not limited to breach of contract, bad faith, or extracontractual claims, and claims for punitive or exemplary damages, arising from or relating to the application or calculation of Depreciation, which have been alleged or which could have been alleged by Plaintiffs in the Litigation, on behalf of themselves and/or on behalf of the Settlement Class, against Defendant(s), to the same extent of res judicata protections as if the allegations

7

141

in the Litigation had been litigated to finality. Released Claims do not include any claim for enforcement of the contemplated Stipulation of Settlement and/or Final Order and Judgment.

31.   "Released Persons" means (a) Defendants United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company and Garrison Property and Casualty Insurance Company; (b) all of the past and present divisions, parent entities, affiliates, and subsidiaries, of the entities listed in Subparagraph 31(a); (c) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of the entities and/or Persons listed in Subparagraphs 31(a)-(b); and (c) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

32.   "Settlement Administrator" means Rust Consulting Inc.

33.   "Settlement Class" is defined as follows:

Each and every Person who:

   (a)   was insured under a Homeowners Insurance Policy that was issued by United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company or Garrison Property and Casualty Insurance Company that provided coverage for any building or other structure located in the State of Arkansas;

   (b)   during the Class Period suffered a Covered Loss;

   (c)   received from a Defendant an ACV Payment for the Covered Loss, where the ACV Payment was calculated and made based upon an estimate a Defendant or someone acting on the Defendant's behalf prepared that applied Depreciation.

   (d)   excluding:

      (i)   claims that were the subject of any individual (non-class action) lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiffs' claim;

      (ii)  claims that were open (still being actively adjusted) as of December 31, 2014;

      (iii) claims for which Defendants received an executed release during the Class Period; and

8

148

> (iv)   Defendants, all present or former officers and/or directors of Defendants, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Defendants' counsel of record.

34.   "Settlement Class Member" means any Person who is included within the definition of the Settlement Class.

35.   "Structural Loss" means damage to a building or other structure in the State of Arkansas while covered by a Homeowners Insurance Policy issued by a Defendant.

36.   "Unknown Claim" means any claim and its related relief and/or damages arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true. The Released Claims defined in Paragraph 30 include any and all Unknown Claims arising from or relating to the application or calculation of Depreciation, which have been alleged or which could have been alleged by Plaintiffs in the Litigation, on behalf of themselves and/or on behalf of the Settlement Class, against Released Persons, to the same extent of res judicata protections as if the allegations in the Litigation had been litigated to finality. Upon the final approval of the Final Settlement, each Settlement Class Member who has not timely and properly excluded himself or herself from the Settlement Class shall be deemed to have expressly waived and released any and all Unknown Claims that he or she has or might have arising from or in any way related to the application or calculation of Depreciation, which have been alleged or which could have been alleged in the Action by the Named Plaintiffs, on behalf of themselves or on behalf of the Settlement Class, to the same extent of res judicata protections as if the allegations in the Litigation had been litigated to finality.

## II.   PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

37.   The Parties stipulate to certification, for settlement purposes only, of the Settlement Class defined in Paragraph 33.

38.   Solely for the purpose of implementing this Stipulation and effectuating the Proposed Settlement, Defendants stipulate that the Court may enter the Preliminary Approval Order, preliminarily certifying the Settlement Class, appointing the Named Plaintiff as representative of the Settlement Class, and appointing the following as Class Counsel for the Settlement Class:

W.H. Taylor, #81154
Stevan E. Vowell, #75134
William B. Putman, #91198
Timothy J. Myers, #92110
TAYLOR LAW PARTNERS

149

301 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Tel. (479) 443-5222
Fax (479) 443-7842

Matt Keil, #86099
John C. Goodson, #90018
KEIL & GOODSON, P.A.
406 Walnut Street
Texarkana, AR 71854
Tel. (870) 772-4113
Fax (870) 773-2967

39. Solely for the purpose of implementing this Stipulation and effectuating the Proposed Settlement, the Parties stipulate that Rust Consulting Inc. shall be appointed by the Court as Settlement Administrator.

40. Solely for the purpose of implementing this Stipulation and effectuating the Proposed Settlement, the Parties stipulate that Frank Hamlin shall be appointed by the Court as the Neutral Evaluator.

41. The Parties and their respective counsel agree that the settlement of this Action is not a concession by Defendants that a litigation class could properly be certified in this Action, and Plaintiffs and Class Counsel agree not to argue, in this or any other proceeding, that the fact of this settlement, or Defendants' stipulation to the certification of the Settlement Class, constitutes a concession by Defendants that a litigation class could properly be certified.

42. Promptly after execution of this Stipulation, Plaintiffs shall submit this Stipulation to the Court and request entry of the Preliminary Approval Order, without material alteration from Exhibit 1, that, among other things:

    (a) preliminarily approves this Stipulation;

    (b) finds that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to preliminarily approve this Stipulation and all Exhibits thereto;

    (c) preliminarily certifies the Settlement Class, approves the Named Plaintiffs as class representatives of the Settlement Class, and appoints Class Counsel as counsel for the Settlement Class;

    (d) provides that Defendants shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes;

10

150

(e)    schedules the Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement and whether it should be finally approved by the Court;

(f)    finds that the Proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class;

(g)    approves the Mailed Notice, the content of which is without material substantive alteration from Exhibit 2, to be sent to the Persons described in Paragraph 33, and directs its mailing by first-class mail to the last-known address for each such Person as set forth in Paragraph 49, and, for Mailed Notices returned, directs the Settlement Administrator to follow the procedures set forth in Paragraph 50;

(h)    approves the Claim Form, the content of which is without material substantive alteration from Exhibit 3, for distribution to potential Settlement Class Members, and sets a Claims Submission Deadline after which the Claim Forms shall be deemed untimely (forty-five (45) days after the Final Approval Hearing);

(i)    approves the settlement website as described in Paragraph 51, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the Claims Submission Deadline;

(j)    appoints Rust Consulting Inc. as the Settlement Administrator;

(k)    appoints Frank Hamlin as the Neutral Evaluator;

(l)    directs the Settlement Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class Members to speak to live operators or leave messages in a voicemail box;

(m)    determines that the notice provided to potential Settlement Class Members (including the Mailed Notice and the settlement website) (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) meets all applicable requirements of Arkansas law, the Arkansas Rules of Civil Procedure, due process under the Arkansas and United States Constitutions, and any other applicable rules or law;

151

(n)     requires the Settlement Administrator to file proof of mailing of the Mailed Notice at or before the Final Approval Hearing, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List;

(o)     requires each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than thirty (30) days before the initial scheduled date for the Final Approval Hearing, to the Settlement Administrator at the address in the Mailed Notice, and that complies with the requirements in Paragraphs 90-91, and further requires that any exclusion be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative;

(p)     rules that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement;

(q)     provides that preliminary certification and all actions associated with preliminary certification are undertaken on the condition that the certification and designations shall be automatically vacated if this Stipulation is terminated or is disapproved in whole or in part by the Court, any appellate court, and/or any other court of review, or if the agreement to settle is revoked pursuant to Paragraphs 86-88, in which event this Stipulation and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or of the certifiability of any class, as set forth in Paragraphs 44, 56(g), 88, and 102-104 of this Stipulation;

(r)     preliminarily enjoins all Settlement Class Members and their Legally Authorized Representatives, unless and until they have timely and properly excluded themselves from the Settlement Class, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class

12

Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims;

(s)   requires each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class, and who wishes to object to the fairness, reasonableness, or adequacy of this Stipulation or any term or aspect of the Proposed Settlement or to intervene in the Action, to follow the procedures set forth in Paragraphs 95-100 of this Stipulation;

(t)   requires any attorney hired by a Settlement Class Member for the purpose of objecting to any term or aspect of this Stipulation or to the Proposed Settlement or intervening in the Action to provide to the Settlement Administrator (who shall forward it to Class Counsel and Counsel for Defendants) and to file with the Clerk of the Court a notice of appearance no later than thirty (30) days before the initial scheduled date for the Final Approval Hearing;

(u)   provides that the right to object to the Proposed Settlement or to intervene must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's Legally Authorized Representative;

(v)   directs the Settlement Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, Class Counsel, Defendants, Defendants' counsel, the Court, the Clerk of the Court, and· their designated agents shall have access to this post office box, except as otherwise expressly provided in this Stipulation;

(w)   directs the Settlement Administrator promptly to furnish Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in this Stipulation;

13

159

(x)    stays all proceedings in the Action until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of the Stipulation; and

(y)    contains any additional provisions agreeable to the Parties that might be necessary to implement the terms of this Stipulation and the Proposed Settlement.

43.    Preliminary certification of the Settlement Class and appointment of the class representative and Class Counsel for purposes of this Proposed Settlement by the Court shall be binding only with respect to the Proposed Settlement. Upon the preliminary approval of this Stipulation and the Proposed Settlement as provided in Paragraph 42, all proceedings in the Action shall be stayed until further order of the Court; provided, however, that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Stipulation.

44.    In the event that the Proposed Settlement is not consummated for any reason, whether due to a termination of this Stipulation in accordance with its terms, a failure or refusal of the Court to approve the Proposed Settlement, or a reversal or modification of the Court's approval of the Proposed Settlement on appeal, or for any other reason, then (a) the Court shall vacate the certification of the Settlement Class; (b) Plaintiffs shall immediately dismiss the Action voluntarily without prejudice; (c) to the extent Plaintiffs wish to continue prosecution of any claims or causes of action set forth in the Action, they may refile suit only in the United States District Court for the Western District of Arkansas; (d) to the extent Class Counsel wish to prosecute any claims or causes of action set forth in the Action against Defendants or any of their affiliates on behalf of any Person who would otherwise be included in the Settlement Class, then Class Counsel shall file suit only in the United States District Court for the Western District of Arkansas; (e) in any further court proceedings involving Defendants (or any of their affiliates) and Plaintiffs or Class Counsel, the Parties and the attorneys shall proceed as though the Stipulation had never been entered and the Settlement Class had never been certified, neither Plaintiffs nor Class Counsel shall cite or reference this Stipulation, and Defendants shall have the right to contest the certification of any class herein; and (f) nothing in this Stipulation may be used as an admission or offered into evidence in any proceeding involving Defendants whatsoever, as further provided in Paragraphs 56(g), 88, 102-104.

## III.    THE SETTLEMENT ADMINISTRATOR

45.    The Parties agree to the appointment of Rust Consulting Inc. as Settlement Administrator to perform the services described herein.

154

46.     The Settlement Administrator shall assist with various administrative tasks, including, without limitation, (i) mailing or arranging for the mailing of the Mailed Notice and submitting to the Parties and the Court an affidavit detailing same and offering proof thereof; (ii) handling returned mail not delivered and making any additional mailings required under the terms of the Stipulation; (iii) responding, as necessary, to inquiries from Settlement Class Members; (iv) providing to Class Counsel and Counsel for Defendants within five (5) business days of receipt, or as soon as practicable, copies of all objections, motions to intervene, notices of intention to appear, and requests for exclusion from the Settlement Class; (v) preparing a list of all Persons who timely requested exclusion from the Settlement Class and submitting to the Court the Opt-Out List and supporting affidavit; (vi) preparing a list of all Persons who submitted objections to the settlement and submitting an affidavit testifying to the accuracy of that list; and (vii) promptly responding to requests for information and documents from Class Counsel, Defendants, and Defendants' Counsel.

47.     The Settlement Administrator shall rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications. Only the Settlement Administrator, Class Counsel, Defendants, Counsel for Defendants, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Stipulation.

48.     The Parties agree to notify each other of the receipt of any request for exclusion or objection to this settlement received from a potential Settlement Class Member within two (2) business days of receipt, or as soon as practicable.

IV.     **CLASS NOTICE**

49.     As soon as practicable after the preliminary approval of the Proposed Settlement as provided in Paragraph 42, Defendants shall make a reasonable search of their computer/electronic databases to ascertain the name and last-known address of each potential Settlement Class Member. Prior to mailing the Mailed Notice and Claim Form, the Settlement Administrator shall run these addresses once through the National Change of Address Database ("NCOA") to attempt to obtain a more current name and/or address for each potential Settlement Class Member. The Settlement Administrator may also perform such further reasonable search for a more current name and/or address for the potential Settlement Class Member, including potentially a search of the Lexis/Nexis name and address database or other database selected by Defendants, to the extent Defendants determine in their good faith and sole discretion that the address contained in their records may no longer be current or accurate. The Settlement Administrator shall send a copy of the Mailed Notice and a Claim Form by first-class mail to each potential Settlement Class

15

Member identified as a result of the above search(es). Defendants and the Settlement Administrator shall use their best efforts to complete the mailing of the Mailed Notice and Claim Form to potential Settlement Class Members within forty-five (45) days after entry of the Preliminary Approval Order.

50.    If any Mailed Notice and/or Claim Form mailed to any potential Settlement Class Member in accordance with Paragraph 48 is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will promptly log each Mailed Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Defendants and Class Counsel as requested. If the mailing is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address. For the remaining returned mailings, if a Lexis/Nexis name and address search or other non-NCOA database search was not previously conducted for those mailings as set forth in Paragraph 49, such a search shall be conducted and those mailings shall be forwarded to any new address obtained through such a search. In the event that any Mailed Notice is returned as undeliverable a second time, no further mailing shall be required. It is agreed by the Parties that the procedures set forth in the preceding Paragraph and this Paragraph constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members such that no additional efforts to do so shall be required. Upon request, Defendants and the Settlement Administrator shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

51.    The Settlement Administrator shall establish a website and post the Stipulation, Mailed Notice, Claim Form, Preliminary Approval Order, and frequently asked questions; the website may be amended from time to time as agreed to by the Parties. The website shall also contain Spanish translations of the Mailed Notice and Claim Form. The Settlement Administrator shall maintain the website for at least 180 days after expiration of the Claims Submission Deadline.

52.    The Mailed Notice and Claim Form, along with Spanish translations of those documents, will also be made available to all potential Settlement Class Members by request to the Settlement Administrator, who shall send via first-class U.S. mail any of these documents as requested from the Settlement Administrator by any potential Settlement Class Member.

53.    The Settlement Administrator shall maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

**V.    COSTS OF CLASS NOTICE**

54.    Defendants will pay all of the costs of the initial mailing of the Mailed Notice and Claim Form to all potential Settlement Class Members as described in Paragraph 49, including the costs of printing and reproducing the Mailed Notice and Claim Form and the cost of mailing the Mailed Notice and Claim Form to such potential Settlement Class Members. Defendant will also pay the costs of the address searches and remailings described in Paragraph 50.

55.    Defendants will pay all of the costs of mailing the Mailed Notice and Claim Form to any potential Settlement Class Members who contact the Settlement Administrator and request copies of those materials.

**VI.    FINAL APPROVAL OF THE PROPOSED SETTLEMENT**

56.    After the completion of the mailing described in Paragraphs 49-40, the completion of the website described in Paragraph 51, the deadline for seeking exclusion from the Settlement Class as provided in Paragraphs 42(o) and 90, and the deadline for filing objections to the Proposed Settlement as provided in Paragraphs 42(s) and 96, Class Counsel will file a motion seeking the Court's final approval of the Proposed Settlement at the Final Approval Hearing to be held at a time, date, and location that will be stated in the Mailed Notice and in the Preliminary Approval Order or other order.  The Parties shall request the Court to enter a Final Order and Judgment without material alteration from Exhibit 4 that, among other things:

(a)    certifies the Settlement Class for settlement purposes only;

(b)    finds that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Stipulation and all Exhibits thereto;

(c)    gives final approval to the Proposed Settlement without material alteration, and directs the Parties and counsel to comply with and consummate the terms of this Stipulation;

(d)    finds that Class Counsel and the Named Plaintiffs have adequately represented the Settlement Class;

(e)    finds that the terms of this Stipulation are fair, reasonable, and adequate to the Settlement Class Members; consistent and in compliance with all requirements of due process and Arkansas law; and in the best interests of the Settlement Class Members;

(f)    finds that the Mailed Notice, the settlement website, and the notice methodology implemented pursuant to this Stipulation (i) constituted

17

157

the best practicable notice; (ii) were reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Proposed Settlement and to appear at the Final Approval Hearing, and their right to seek monetary relief; (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) met all applicable requirements of the Arkansas Rules of Civil Procedure and the requirements of due process under the Arkansas and United States Constitutions, and the requirements of any other applicable rules or law;

(g) determines that the Stipulation and the settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or of the certifiability of a litigation class; provided, however, that reference may be made to this Stipulation and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Stipulation, as further set forth in this Stipulation;

(h) approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment;

(i) provides that the Named Plaintiffs, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against Defendants and the Released Persons, and are bound by the provisions of this Stipulation, including the Release in Paragraphs 29-31, 37, and 57-58;

(j) permanently enjoins the Named Plaintiffs, and all Settlement Members who have not been excluded from the Settlement Class provided in the Opt-Out List, from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the Released Claims and (ii) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing

18

158

as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the Released Claims; and further providing that any person in contempt of the injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction;

(k)   dismisses all claims (individual and class claims) in the Action as to Defendants on the merits and with prejudice, and without fees or costs except as provided herein, and entering final judgment thereon;

(l)   approves the payment of the Attorneys' Fee Award to Class Counsel, and the Incentive Award to the Named Plaintiffs, as set forth in Paragraphs 76-79;

(m)   appoints Rust Consulting Inc. as the Settlement Administrator;

(n)   appoints Frank Hamlin as Neutral Evaluator;

(o)   authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Stipulation and all Exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of Settlement Class Members; and

(p)   provides that any Party to this Stipulation, the Neutral Evaluator, the Settlement Administrator, counsel in any capacity in which they may act under the authority of this Stipulation, and any employees, representatives, or agents of such Persons or entities shall not be liable for anything done or omitted in connection with this Stipulation and/or the claims administration process; provided, however, that Defendants may be liable for non-payment to a Settlement Class Member in violation of this Stipulation. .

Defendants will not oppose final approval of the settlement in the form attached hereto as Exhibit 4, and may submit their own material with respect to settlement approval and the Final Approval Hearing.

## VII.   DISMISSAL OF ACTION AND RELEASE OF CLAIMS

57.   Upon the Effective Date, the Named Plaintiffs, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone

159

claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, will be bound by the Final Order and Judgment and conclusively deemed to have fully released, acquitted, and forever discharged, to the fullest extent permitted by law, all of the Released Persons from all of the Released Claims, and agree not to institute, maintain, or assert any claims against the Released Persons on the Released Claims. Nothing contained in this Stipulation shall (a) preclude the enforcement of the terms of this Stipulation or the Final Order and Judgment or (b) preclude the Named Plaintiffs or Settlement Class Members from participating in the Claim Resolution Process.

58.   Upon entry of the Final Order and Judgment, the Action will be dismissed with prejudice as to Defendants., and the Named Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, will release all the Released Persons from all of the Released Claims, and covenant not to sue any of the Released Persons with respect to any of the Released Claims  The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court are hereby expressly, knowingly, and voluntarily waived by and on behalf of the Named Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class. The Named Plaintiffs, and the Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, expressly acknowledge and assume all risk, chance, or hazard that the damage allegedly suffered may be different, or may become progressive, greater, or more extensive than is now known, anticipated, or expected. Furthermore, the Named Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, specifically release any right they may now or hereafter have to reform, rescind, modify, or set aside this Release or this Stipulation through mutual or unilateral mistake or otherwise; and they assume the risk of such uncertainty and mistake in consideration of the consideration herein mentioned and in consideration of this being a final settlement.  Without limiting the foregoing in any way, the Named Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, expressly waive all rights under Section 1542 of the California Civil Code, realizing and understanding that Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

160

KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## VIII.   PAYMENTS TO CLASS MEMBERS

59.   This settlement shall be a claims-made settlement.  To be eligible for a Claim Payment under this settlement, a Settlement Class Member or his or her Legally Authorized Representative must timely submit a Claim Form that satisfies the requirements of Paragraphs 65-68 and must not have submitted a request for exclusion.  Settlement Class Members who submit a qualifying Claim Form satisfying the requirements of Paragraphs 65-68 will be eligible to receive a Claim Payment calculated as set forth in Paragraphs 59-64.

60.   The amounts paid to Eligible Class Members will be calculated as follows:

(a)   Each Eligible Class Member who submitted a timely claim for a Covered Loss with a date of loss from July 1, 2006 to July 4, 2008, inclusive, and received a payment from Defendants on that claim, and for whom a claim file with estimates and payment details exists, will receive payment as follows:

(i)   Eligible Class Members who received only ACV Payments, and for whom no amount withheld as Depreciation was later paid in a subsequent payment, will receive 9% of the total amount of Depreciation shown on the final estimate a Defendant or someone acting on its behalf prepared on the claim (the "Final Estimate").

(ii)   Eligible Class Members who received, in a payment subsequent to their initial payment for Structural Loss, a portion but not all of the amount withheld for Depreciation, will receive 7% of any Depreciation shown on the Final Estimate that was not paid when that estimate was prepared.

(iii)Eligible Class Members who received, in a payment subsequent to their initial payment for Structural Loss, all of the amount withheld for Depreciation, will receive 1.4% of any Depreciation shown on the Final Estimate that was not paid when that estimate was prepared.

(b)   Each Eligible Class Member who submitted a timely claim for a Covered Loss with a date of loss from July 5, 2008 to October 2, 2013, inclusive, and received a payment from Defendants on that claim, will receive payment as follows:

(i)   Eligible Class Members who received only ACV Payments, and for whom no amount withheld as Depreciation was later paid in a subsequent payment, will receive 45% of the total amount of

21

Depreciation shown on the final estimate a Defendant or someone acting on its behalf prepared on the claim (the "Final Estimate").

(ii) Eligible Class Members who received, in a payment subsequent to their initial payment for Structural Loss, a portion but not all of the amount withheld for Depreciation, will receive 35% of any Depreciation shown on the Final Estimate that was not paid when that estimate was prepared.

(iii) Eligible Class Members who received, in a payment subsequent to their initial payment for Structural Loss, all of the amount withheld for Depreciation, will receive 7% of any Depreciation shown on the Final Estimate that was not paid when that estimate was prepared.

(c) Each Eligible Class Member who submitted a timely claim for a Covered Loss with a date of loss from October 3, 2013 to December 31, 2014, inclusive, and received a payment from Defendants on that claim, will receive payment in the amount of 5% of the total amount of Depreciation shown on the Final Estimate.

(d) With respect to subparagraphs (a), (b) and (c) of this Paragraph 59, no payments shall be made that will result in the total payments made on the claim, together with the settlement payment, exceeding the dwelling or other structure policy limit.

61. To be eligible for a payment described in Paragraph 60, a Settlement Class Member must:

(a) Have suffered a Covered Loss and filed a claim for that Covered Loss during the Class Period that:

(i) Resulted in an ACV Payment on the claim under dwelling and/or other structure coverage;

(ii) Resulted in an ACV Payment being made based upon an estimate Defendants or someone acting on Defendants' behalf prepared that applied Depreciation; and

(iii) Did not result in a payment equal to the applicable limits of coverage.

(b) Affirm under penalty of perjury that, to the best of the Settlement Class Member's knowledge and belief:

(i) The Settlement Class Member made a claim with Defendants for a Covered Loss during the Class Period;

22



(ii)    The Settlement Class Member received an ACV Payment from Defendants, which was calculated based upon an estimate Defendants or someone acting on Defendants' behalf prepared that applied Depreciation;

(iii)    The Settlement Class Member did not receive payment equal to the applicable limits of coverage;

(iv)    The Settlement Class Member's claim was not the subject of any individual (non-class action) lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiffs' claim;

(v)    The Settlement Class Member's claim was not open (still being actively adjusted) as of December 31, 2014; and

(vi)    The Settlement Class Member did not execute a release on his or her claim.

62.    Notwithstanding the foregoing, Settlement Class Members whose claims were previously determined by an appraisal under their Homeowners Insurance Policy are ineligible to receive the payment described in Paragraphs 59-61.

63.    The Parties acknowledge and agree that this Stipulation does not and shall not constitute an admission by Defendants that the application of Depreciation on any individual claim or on the Settlement Class Members' claims was incorrect or improper. The Parties further acknowledge and agree that there is no obligation whatsoever under this Stipulation for Defendants to apply or use a different method of calculating Depreciation on future claims.

64.    The payments described in Paragraphs 59-61 are the only payments to which any Settlement Class Members will be entitled under the Proposed Settlement. The payments are deemed to be inclusive of any claims for any potential applicable penalties and/or interest and/or fees. The payments shall be in full and final disposition of the Action, and in consideration for the release of any and all Released Claims as against any and all Released Persons. All payments to Settlement Class Members under the Proposed Settlement will be subject to the terms, limits, conditions, coverage limits, and deductibles of their respective policies. Any rights to settlement claim payments under this Stipulation shall inure solely to the benefit of Class Members and are not transferable or assignable to others.

163

## IX.    SUBMISSION OF CLAIMS BY CLASS MEMBERS

65.    The Claim Form shall be without material substantive alteration from Exhibit 3. The Settlement Administrator may make formatting changes as it deems appropriate.

66.    Settlement Class Members who do not timely request exclusion from the Settlement Class as provided in Paragraph 90-94 will be provided an opportunity to submit Claim Forms requesting payments calculated in accordance with Paragraphs 59-64 and 69-73. Blank Claim Forms shall be included with the Mailed Notices mailed to Settlement Class Members as provided in Paragraphs 49-50. In addition, the Settlement Administrator will provide blank Claim Forms to Settlement Class Members upon request. Claim Forms may be submitted on behalf of the Settlement Class Member by that Settlement Class Member's Legally Authorized Representative. Any rights to Claim Payments under this Stipulation shall inure solely to the benefit of Settlement Class Members and are not transferrable or assignable to others.

67.    To be considered for payment, a Claim Form must be completed and documented in accordance with Paragraph 68, mailed to the address specified in the Claim Form, and postmarked no later than forty-five (45) days after the Final Approval Hearing. Claim Forms will not be considered for payment if they are postmarked more than forty-five (45) days after the date of the Final Approval Hearing.

68.    To be considered for payment, a Claim Form must, to the best of the Settlement Class Member's ability, supply all information requested on the face of the Claim Form, including the name and current address of the Settlement Class Member, the address of the loss, a description of the loss, the approximate date of the loss, the member number or policy number, the fact that an ACV Payment was made on the claim based on an estimate that applied Depreciation, the amount of the ACV Payment on the claim, and the amount of Depreciation. The Claim Form must contain a notarized signature affirming the claim and may include any documents in the potential Settlement Class Member's possession, if any, demonstrating:

(a)    Whether the Class Member submitted a claim for a Structural Loss during the Class Period; examples of these documents include, but are not limited to, copies of letters submitting claims or responding to claims; and

(b)    Whether Defendants made an ACV Payment on the claim based on an estimate that applied Depreciation; examples of these documents include, but are not limited to, copies of adjuster estimates, worksheets provided by Defendants, or letters enclosing claim payments.

24

164

## X.    CLAIMS ADMINISTRATION

69.    Claim Forms that are timely mailed to the correct address shall be processed as follows (and subject to the additional condition that Defendants shall not be obligated to make any Claim Payments until after the Effective Date):

(a)    If a Claim Form is not signed and notarized, the Settlement Administrator shall send the claimant a letter informing him or her of the defect and providing the claimant with thirty (30) days in which to cure that defect.  If the claimant does not provide the Settlement Administrator with a properly signed and notarized Claim Form that is postmarked within thirty (30) days of date of the Settlement Administrator's letter, that Claim Form shall be conclusively deemed defective and not eligible for payment, that defect may not be the subject of an objection by the claimant, and the claimant shall not have an additional opportunity to cure the defect.

(b)    By no later than sixty (60) days after the Claims Submission Deadline (but in any event no earlier than the Effective Date), the Settlement Administrator shall (i) make a determination as to whether each submitted Claim Form contains a notarized signature and is postmarked within forty-five (45) days of the Final Approval Hearing; (ii) shall deliver to Class Counsel and counsel for Defendants all Claim Forms that have been properly notarized and timely mailed; and (iii) shall prepare and provide to Class Counsel and counsel for Defendants a list of all Claim Forms received and an indication whether the Claim Form was properly notarized and timely mailed.  In addition, the Settlement Administrator shall make available to Defendants and Class Counsel all compliant Claim Forms on a rolling basis, or as otherwise requested by Defendants or Class Counsel.   The Settlement Administrator's determination whether a Claim Form was timely submitted, and was properly signed and notarized, shall be final, binding, and non-appealable, and may not be the subject of an objection by the claimant or an opportunity to cure, other than that provided in Subparagraph 69(a).

(c)    Within 180 days after the Claims Submission Deadline (but in no event before the Effective Date), Defendants shall (i) make a determination of the payment, if any, due in response to each Claim Form timely mailed to the correct address and (ii) prepare a list of each such determination and provide it to Class Counsel through the Settlement Administrator. In making each such determination, Defendants shall consider any information practicably available within their files that might refute or supplement the submitted Claim Form.  If Defendants' determination of the payment, if any, due in response to a particular claim is based in whole or in part on any deficiency in the information originally

25

165

provided in the Claim Form, then Defendants shall identify such deficiency in order to allow the Class Member one opportunity, pursuant to Paragraph 69(d), to correct the deficiency.

(d)    Within thirty (30) days of receiving Defendants' determinations in Paragraph 69(c), the Settlement Administrator shall mail to all Settlement Class Members who submitted Claim Forms, with copies to Class Counsel and Defendants, (i) a notice informing the Settlement Class Member of the determination as to whether and how much money (if any) the Settlement Class Member is entitled to receive, and (ii) for those qualifying claims, enclosing a check in the amount of the Claim Payment. If Defendants determined that the information provided by the Settlement Class Member was deficient as set forth in Paragraph 69(c), the letter shall also inform the Settlement Class Member of that determination and of the Settlement Class Member's one opportunity to correct the deficiency, as further provided in Paragraph 69(e). The checks shall also indicate on their face that they are void after one hundred eighty (180) days from the date of the initial check issuance, after which the Settlement Administrator may close the account. Any checks not cashed by that date shall be voided, and Defendants shall not be liable for payment of those Claim Payments.

(e)    A Settlement Class Member who objects to Defendants' determination of the payment, if any, due in response to his or her Claim Form must mail to the Settlement Administrator within thirty (30) days after the date the Settlement Administrator mailed the determination a written and signed statement setting forth the basis for that objection and curing any deficiencies noted by Defendants in the information originally provided in the Claim Form. Any objection that is not postmarked within thirty (30) days after the Settlement Administrator mailed the determination shall be waived. The Settlement Administrator shall forward any such objections to Defendants and Class Counsel within two (2) business days of receipt, or as soon as practicable.

(f)    Upon the timely submission of an objection under Paragraph 69(e), Defendants shall have thirty (30) days after receipt of the objection to consider the objection. At the end of this thirty (30) day period, Defendants shall provide the Settlement Administrator written notice of their decision regarding the objection. Within five (5) business days of receiving Defendants' written notice, or as soon as practicable, the Settlement Administrator shall mail to the Settlement Class Member Defendants' decision regarding the objection and inform the objecting Settlement Class Member of his or her right to submit the claim to a Neutral Evaluator pursuant to Paragraph 69(g).

(g)    A Settlement Class Member who wishes to object to Defendants' determination in Paragraph 69(f) and request review by the Neutral Evaluator of that determination must mail a copy of that objection to the Settlement Administrator, requesting review by the Neutral Evaluator, within thirty (30) days after the date that the Settlement Administrator mails the decision regarding the objection pursuant to Paragraph 69(f). Any such objection that is not postmarked within the thirty (30) day period shall be waived. The Settlement Administrator shall forward any such objections, along with a copy of the Settlement Class Member's Claim Form and any documentation previously submitted by the Settlement Class Member, including the Settlement Class Member's initial objection, to the Neutral Evaluator, Defendants, and Class Counsel within two (2) business days of receipt, or as soon as practicable.

(h)    Defendants shall have thirty (30) days after receipt to respond in writing, with a copy to Class Counsel, to an objection submitted to a Neutral Evaluator in accordance with Paragraph 69(g). The Neutral Evaluator shall issue a decision, based solely on the written submissions, with respect to each such objection within thirty (30) days after his/her receipt of Defendants' response. The decision of the Neutral Evaluator shall be binding on the Parties and not subject to appeal.

Claim Forms that are not timely received by the Settlement Administrator will not be considered for payment, and the Settlement Class Members will be provided written notice thereof.

70.    Defendants shall pay each claim that is due a payment under Paragraph 69 within thirty (30) days after the latest of (a) the date on which the Settlement Class Member agrees in writing to accept Defendants' determination of the claim, (b) the date on which the time for objecting to that determination under Paragraph 69(e) expires, (c) the date on which the time for presenting such an objection to a Neutral Evaluator under Paragraph 69(g) expires, or (d) the date on which the Neutral Evaluator resolves such an objection under Paragraph 69(h). Defendants, in their sole discretion, may choose to pay a claim before these dates.

71.    The Neutral Evaluator's role in the settlement administration shall be limited to the decision(s) (if any) set forth in Paragraph 69(h).

72.    The Neutral Evaluator shall be bound by Paragraphs 82-85, protecting Confidential Information.

73.    If there are no disputes, Defendants will pay the Neutral evaluator a flat fee of $1,000. If there are between one (1) and twenty (20) disputed claims,

27

107

Defendants will pay the Neutral Evaluator a flat fee of $10,000 to resolve all of those disputes in accordance with Paragraph 69(h). If more than twenty (20) claim files proceed to the Neutral Evaluator for resolution, then Defendants will pay the Neutral Evaluator up to $500 for each additional claim beyond the initial twenty (20) claims. The Neutral Evaluator must submit billing records to Defendants to support the amount of fees requested above $10,000.

## XI.   COMMUNICATIONS WITH MEMBERS OF THE SETTLEMENT CLASS

74.     The Mailed Notice and settlement website shall list the law firms designated as Class Counsel and the name, address, and telephone number of the Settlement Administrator. Communications with potential Settlement Class Members regarding the Proposed Settlement shall primarily be handled through the Settlement Administrator, or Class Counsel if required. Defendants or their agents are permitted to respond to inquiries they may receive regarding the Stipulation, and discuss matters unrelated to the Stipulation with their customers.

## XII.   COSTS OF SETTLEMENT ADMINISTRATION

75.     Defendants will pay the costs of printing, reproducing, and mailing the checks, forms, notices, and responses that are sent in connection with the administration of the claims process described in Paragraphs 49-55, and/or in connection with the determination of claims submitted in the course of the claims process. In addition, Defendants will pay the fees charged by the Neutral Evaluator as set forth in Paragraph 73, and the costs associated with the services of the Settlement Administrator to undertake any duties reasonably required to assist in the management of this Proposed Settlement, including, but not limited to, fees associated with the establishment of an automated toll-free telephone number to answer frequently asked questions, live operators to respond to questions, and the establishment of a website concerning the Proposed Settlement.

## XIII.   ATTORNEYS' FEE AND INCENTIVE AWARDS

76.     Class Counsel's entitlement, if any, to an Attorneys' Fee Award, and the Named Plaintiff's entitlement to an Incentive Award, will be determined by the Court. Defendants and Class Counsel did not negotiate the amount of any such fees, costs, or expenses until they resolved all other material elements of the Proposed Settlement. The terms of this Proposed Settlement are not conditioned upon any maximum or minimum Attorneys' Fee Award or Incentive Award, except as provided in Paragraphs 77-78.

77.     Class Counsel will file a motion with the Court prior to the Final Approval Hearing requesting an award of attorneys' fees, costs, and expenses payable to Class Counsel in a total amount not to exceed One Million Eight Hundred

168

Fifty Thousand Dollars ($1,850,000) (the "Attorneys' Fee Award") and an incentive awards to Mark I. Adams and Katherine S. Adams in the amount of Five Thousand Dollars ($5,000) each (the "Incentive Awards") in full satisfaction of all of their claims (i.e., the Adamses will not be entitled to also make a claim in the Claim Resolution Process). At the Final Approval Hearing, Class Counsel will ask the Court to issue an order approving the Attorneys' Fee Award and Incentive Awards up to the amounts noted above. Class Counsel may present at the Approval Hearing a damage model estimating the settlement benefits created as a result of this Stipulation. Defendants' payment of Class Counsel's attorneys' fees, costs, and expenses and of the costs of the administration of this settlement are separate and apart from and in addition to the payments made available to Settlement Class Members in Paragraphs 59-64. Defendants recognize that Plaintiff and Class Counsel will assert that the payment of attorneys' fees and settlement administration costs under this Stipulation is also a component of the benefit they obtained on behalf of the Settlement Class Members. Based on available information and consultation with Defendants, Class Counsel intend to submit evidence that the total amount payable to Class Members under this agreement could be as much as $3,445,598 and that there could be as many as 7,687 total Class Members (assuming no Class Members had more than one claim). Defendants agree not to contest Class Counsel's representation of these figures.

78. Defendants will not object to Plaintiffs' motion requesting an award of attorneys' fees, costs, and expenses to be paid to Class Counsel in a total amount not to exceed One Million Eight Hundred Fifty Thousand Dollars ($1,850,000), and Incentive Awards to Mark I. Adams and Katherine S. Adams in an amount not to exceed Five Thousand Dollars ($5,000) each, in full satisfaction of all of their claims (i.e., the Adamses will not be entitled to also make a claim in the Claim Resolution Process). Defendants agree to pay these Attorneys' Fee Award and Incentive Awards or any lesser amount the Court may award. Defendants' payment of the Attorneys' Fee Award shall be in addition to the amounts paid to Settlement Class Members in accordance with Paragraphs 59-64. Plaintiffs and Class Counsel waive any Attorneys' Fee Award in excess of $1,850,000, and any Incentive Awards in excess of $5,000, agree they will not seek to enforce or recover any Attorneys' Fee Award in excess of $1,850,000, or any Incentive Awards in excess of $5,000, and agree to return to Defendants any Attorneys' Fee Award paid in excess of $1,850,000, or any Incentive Awards in excess of $5,000. However, if the Court should determine that Class Counsel is entitled only to a sum less than $1,850,000, or that Plaintiffs are entitled only to a sum less than $5,000, Defendants shall be obligated to pay only the amounts awarded by the Court.

79. The Attorneys' Fee Award approved by the Court shall be payable to Class Counsel within ten (10) days after the Court has entered the Final Order and Judgment, without material alteration from Exhibit 4, finally approving this

29

169

Stipulation and releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend, as provided in this Stipulation. Class Counsel hereby waive, discharge, and release Defendants of and from any and all other claims for attorneys' fees, by lien, statute, or otherwise for legal services rendered by counsel in connection with this Action and the prior lawsuit filed by the Named Plaintiffs against Defendants. Class Counsel further agree, jointly and severally, to refund to Defendants the entire Attorneys' Fee Award in the event of a successful appeal challenging this settlement, within ten (10) days after such appeal becoming Final.

## XIV.   DEFENDANTS' MONETARY OBLIGATION UNDER THE SETTLEMENT

80.   Defendants' liability under this settlement shall be limited to (a) paying the Claim Payments to Eligible Settlement Class Members (as calculated in Paragraphs 59-64); (b) paying all of the costs of notice and settlement administration, including the fees and costs of the Settlement Administrator and the Neutral Evaluator (as limited in Paragraph 73); (c) paying the Attorneys' Fees Award awarded by the Court; and (d) paying any Incentive Awards to the Named Plaintiffs awarded by the Court. In no event shall Defendants be liable under this settlement to pay any additional amounts. In no event shall Defendants be liable for making any payments under this settlement for Claim Payments, the Attorneys' Fee Award, and the fees and costs of the Neutral Evaluator before the deadlines set forth in this Stipulation, and in no event before the Effective Date.

## XV.   REPRESENTATION OF OPT OUTS; CONFIDENTIALITY AGREEMENT

81.   Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, to any Person seeking exclusion from the Settlement Class or any other Person seeking to litigate with Released Persons over any of the Released Claims in this matter, prior to the Final Approval Hearing, could place Class Counsel in a conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms agree not to represent, encourage, solicit, or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any Person in requesting exclusion from the Settlement Class. In addition, Class Counsel agree that they shall not communicate with members of the Settlement Class regarding this settlement, unless a Settlement Class Member contacts them, or the Settlement Class Member contests Defendants' determination on their claim under the process set forth in Paragraph 69.

82.   The following constitutes highly confidential and proprietary business information of Defendants (the "Confidential Information"): (a) the names, addresses, policy and/or member numbers, and other data concerning potential Settlement Class Members compiled by Defendants and/or the Settlement

30

*170*

Administrator in effectuating the Proposed Settlement; and (b) the electronic data processing and other record keeping procedures and materials to be utilized by Defendants and/or the Settlement Administrator in identifying the potential Settlement Class Members and effectuating Defendants' other obligations under the Stipulation and/or the Proposed Settlement. The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel and/or other attorneys for Plaintiffs in this Action to any Persons other than those described in Paragraph 83.

83.   No Persons other than Defendants, Defendants' counsel and clerical/administrative personnel employed by Defendants' counsel, Class Counsel and clerical/administrative personnel employed by Class Counsel, the Settlement Administrator, the Neutral Evaluator and any clerical/administrative personnel employed by him, and such other Persons as the Court may order, after hearing on notice to all counsel of record, shall be allowed access to any Confidential Information.

84.   Within 30 days after the Effective Date, Class Counsel and/or other attorneys for Plaintiffs in this Action shall return to Defendants all Confidential Information, and all confidential documents, data, or information, and all copies thereof in their possession, custody, or control, and any other confidential documents (exclusive of documents filed with the Court) provided by Defendants to Class Counsel or anyone they employed or retained in this Action or any other similar action in discovery, settlement negotiations or in connection with this Stipulation. Within 45 days after the Effective Date, Class Counsel shall deliver an affidavit to Defendants certifying their compliance with this paragraph. Further, the Parties agree that neither Class Counsel, nor any one employed with, retained by, or otherwise associated with Class Counsel's firms shall use any of this Confidential Information or confidential material in any other litigation, current or future, unless independently obtained through discovery or other procedures in such other litigation. In the event that any Confidential Information or confidential documents have already been destroyed, Class Counsel will include in the affidavit the name and address of the Person(s) who destroyed the Confidential Information and/or documents.

85.   In discovery in this matter, and in negotiation and review of the Stipulation, Class Counsel and/or other attorneys for Plaintiffs have received confidential information regarding Defendants' internal practices and procedures and confidential financial information, including financial information compiled solely for purposes of negotiating and implementing the Stipulation and the Proposed Settlement. Having received that information, neither Class Counsel nor anyone in privity with any of them shall make use of such information to allege, suggest, or attempt to prove that the Released Persons engaged in, aided, abetted, or conspired in any wrongdoing of any kind regarding the

31

171

calculation or determination of any Depreciation that was due or might have been due to any Person under any insurance policy issued by any Defendant.

## XVI.   DISAPPROVAL OR TERMINATION OF THE PROPOSED SETTLEMENT

86.   Within twenty (20) days after notice of the occurrence of any of the following events, Defendants shall have the right, exercisable at their own discretion, to terminate this Stipulation by delivering written notification of such election to Class Counsel, if

(a)   the Court, or any appellate court(s), rejects, denies approval, disapproves, or modifies the Stipulation or any portion of this Stipulation that Defendants, in their sole judgment and discretion believe to be material, including, but not limited to, the terms of the Settlement Class relief, the provisions relating to notice, the definition of the Settlement Class, the Released Claims and Released Persons, the Preliminary Approval Order, the Mailed Notice, the Claim Form, and the Final Order and Judgment.

(b)   the Court, or any appellate court(s), does not enter or completely and unconditionally affirm any portion of the Stipulation, Preliminary Approval Order, or Final Order and Judgment that Defendants, in their sole judgment and discretion, believe to be material;

(c)   any regulatory agency or governmental agency challenges any of the terms of the Stipulation in any way that is materially adverse to Defendants' interests without Defendants' written consent;

(d)   the number of Settlement Class Members who exclude themselves from the Settlement Class equals or exceeds three percent (3%) of the Settlement Class;

(e)   a Named Plaintiff, or any Settlement Class Member with an attorney-client relationship to Class Counsel or their firms, opts out of, excludes himself or herself from, or objects to the Settlement Class or Stipulation;

(f)   any financial obligation is imposed upon Defendants in addition to and/or greater than those specifically accepted by Defendants in this Stipulation; or

(g)   if the Court permits or allows a certified class of Persons who are also members of the Settlement Class to opt out of the Proposed Settlement.

17?

87.   If an option to withdraw from and terminate this Stipulation arises under Paragraph 86, Defendants are not required for any reason or under any circumstance to exercise that option.

88.   If the proposed Stipulation shall fail for any reason other than a breach by one of the Parties, or if this Stipulation shall be terminated by Defendants pursuant to Paragraph 86:

(a)   This Stipulation and the Proposed Settlement shall have no further force or effect, and all proceedings that have taken place with regard to this Stipulation and the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties hereto and any of the Settlement Class Members;

(b)   This Stipulation, all of its provisions (including, without limitation, any provisions regarding class certification), and all negotiations, statements, and proceedings relating to them shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to his, her, or its respective position existing immediately before settlement negotiations and the execution of this Stipulation;

(c)   This Stipulation, any provision of this Stipulation (including without limitation the provisions regarding class certification), and the fact of this Stipulation having been made shall not be admissible or entered into evidence for any purpose whatsoever and shall not be subject to discovery;

(d)   Any judgment or order entered after the date of this Stipulation, including, without limitation, any order certifying the Settlement Class, will be vacated and will be without any force or effect. The Parties agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Stipulation;

(e)   The Parties hereby agree that they will not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that the Stipulation and related pleadings and filings, any provision of this Stipulation (including without limitation the provisions regarding class certification), the fact of this Stipulation having been made, and any settlement negotiations preclude Defendants from opposing certification or the claims in the Action or any other proceeding; and

(f)   The Parties will proceed as set forth in Paragraph 44.

89.   Paragraph 88 shall survive any termination of this Stipulation.

33

173

## XVII.   REQUESTS FOR EXCLUSION AND OBJECTIONS TO THE SETTLEMENT

90.   Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion. To be effective, such a request must include the Settlement Class Member's name and address, a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class, and the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member. The request must be mailed to the Settlement Administrator at the address provided in the Mailed Notice and must be postmarked no later than thirty (30) days before the initial scheduled date for the Final Approval Hearing. Requests for exclusion must be exercised individually by the Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative.

91.   The Named Plaintiffs and Class Counsel agree that the Named Plaintiffs shall not elect or seek to opt out or exclude themselves from the Settlement Class.

92.   The Settlement Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Defendants and Class Counsel as requested.

93.   The Settlement Administrator shall prepare a list of all Persons who timely and properly requested exclusion from the Settlement Class (the "Opt-Out List") and shall, before the Final Approval Hearing, submit an affidavit to the Court attesting to the accuracy of the Opt-Out List.

94.   All potential Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class shall be bound by this Stipulation, and all their claims shall be dismissed with prejudice and released as provided for herein, even if they never received actual notice of the Action or this Proposed Settlement, or never submitted a claim pursuant to the settlement.

95.   Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object. Any Settlement Class Member who has timely filed an objection in compliance with this paragraph may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs. Defendants shall not be responsible for payment of any attorneys' fees and costs awarded objectors and/or their counsel.

174

96. To be timely, the objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than thirty (30) days before the initial scheduled date for the Final Approval Hearing.

97. The right to object to the Proposed Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's Legally Authorized Representative.

98. To be effective, a notice of intent to object to the Proposed Settlement must:

    (a)    Contain a heading which includes the name of the case and case number;

    (b)    Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    (c)    Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    (d)    Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable Arkansas laws and rules for filing pleadings and documents in Arkansas courts; and

    (e)    State whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

99. In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Final Approval Hearing:

    (a)    A detailed statement of the specific legal and factual basis for each and every objection;

    (b)    A list of any and all witnesses whom the Settlement Class Member may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

    (c)    A detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the objector may introduce at the Final Approval Hearing;

175

    (d)   A list of any legal authority the Settlement Class Member will present at the Final Approval Hearing; and

    (e)   Documentary proof of membership in the Settlement Class.

100.   Any Settlement Class Member who does not file a timely notice of intent to object in accordance with Paragraphs 95-99 shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Proposed Settlement. Settlement Class Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against Defendants by complying with the exclusion provisions set forth in Paragraphs 90-94. Settlement Class Members who object to the Proposed Settlement shall remain Settlement Class Members, and have voluntarily waived their right to pursue an independent remedy against Defendants. To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Order and Judgment of the Court. Settlement Class Members can avoid being bound by any judgment of the Court by complying with the exclusion provisions in Paragraphs 90-94.

101.   The Settlement Administrator shall give Defendants and Class Counsel a copy of each notice of intent to object received by the Settlement Administrator.

## XVIII.  DENIAL OF LIABILITY

102.   Defendants have indicated their intent to vigorously contest each and every claim in the Action. Defendants maintain that they have at all times applied Depreciation when reasonable and appropriate to do so and consistently acted in accordance with the governing laws and regulations of Arkansas and each State in which they do business. Defendants deny each and every material allegation in the Action. Defendants nonetheless have concluded that it is in their best interests that the Action be settled on the terms and conditions set forth in this Stipulation. Defendants reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, and the expense that would be necessary to defend the Action through trial, appeal, and any subsequent proceedings that may occur.

103.   As a result of the foregoing, Defendants enter into this Stipulation without in any way admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Defendants. This Stipulation shall not be offered or received in evidence in any action or proceeding in any court, administrative

176

panel, or proceeding, or other tribunal as an admission or concession of liability or wrongdoing of any nature on the part of Defendants, or as an admission or concession that this Action may properly be maintained as a litigation class action against Defendants.   In the event the Proposed Settlement is not finally approved for any reason, the parties shall proceed as set forth in Paragraph 44 and Defendants shall retain the right to object to the maintenance of any other case as a class action and to contest any other case on any ground.

104.   Neither this Stipulation, nor the negotiations of the settlement, nor the settlement procedures, nor any act, statement, or document related in any way to the settlement negotiations or settlement procedures, nor any pleadings or other document or action related in any way to the Stipulation shall be (1) offered into evidence in the Action or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against Defendants or (2) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class against Defendants.

## XIX.   RETENTION OF RECORDS

105.   The Settlement Administrator, Class Counsel, and Defendants shall retain copies or images of all returned Mailed Notices, Claim Forms, and correspondence relating thereto, for a period of up to two (2) years after the Effective Date.   After this time, Class Counsel shall destroy documentary records that they have in their possession.  Nothing in this Stipulation shall be construed to require the Settlement Administrator, Class Counsel, and Defendants to retain records beyond their respective discretionary record retention policies.

## XX.   MISCELLANEOUS PROVISIONS

106.   Each Party to this Stipulation warrants that he, she, or it is fully authorized to enter into this Stipulation, and is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Stipulation.

107.   The Parties hereto and their undersigned counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Stipulation and the terms of the Proposed Settlement, including taking all steps and efforts contemplated by this Stipulation, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise.  The Parties further agree to cooperate in respect to reasonable, agreed extensions to the timetable hereunder, subject to such Court approval as may be required.

177

108.   The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

109.   The headings and captions contained in this Stipulation are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Stipulation.

110.   Unless otherwise noted, all references to "days" in this Stipulation shall be to calendar days.  In the event any date or deadline set forth in this Stipulation falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

111.   Except as otherwise provided in a written agreement executed by the Parties or their counsel, this Stipulation contains the entire agreement of the Parties hereto and supersedes any prior agreements or understandings between them. All terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all parties hereto.  The terms of this Stipulation are and shall be binding upon each of the Parties hereto, upon each of their agents, attorneys, employees, successors, and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Settlement Class Member.

112.   This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties.  Amendments and modifications may be made without additional notice to the potential Settlement Class Members unless such notice is required by the Court.

113.   This Stipulation shall be subject to, governed by, construed in light of, and enforced pursuant to the laws of the State of Arkansas.

114.   The exhibits to this Stipulation are integral parts of the settlement and are hereby incorporated and made parts of this Stipulation.

115.   To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Stipulation.

116.   This Stipulation shall be deemed to have been executed upon the last date of execution by all the undersigned Parties and/or counsel.

117.   This Stipulation may be executed in counterparts, each of which shall constitute an original.

178

118.    Neither Class Counsel nor the Named Plaintiffs shall make any statements to the media about the Proposed Settlement, except to refer media inquiries to the public record of the Action, or through a press release mutually agreed upon by the Parties.

Dated this 16th day of June, 2015.

SIGNED AND AGREED:

*For the Named Plaintiffs and the Settlement Class*:

W.H. Taylor, #81154
Stevan E. Vowell, #75134
William B. Putman, #91198
Timothy J. Myers, #92110
TAYLOR LAW PARTNERS
301 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Tel. (479) 443-5222
Fax (479) 443-7842

Matt Keil, #86099
John C. Goodson, #90018
KEIL & GOODSON, P.A.
406 Walnut Street
Texarkana, AR 71854
Tel. (870) 772-4113
Fax (870) 773-2967

**ATTORNEYS FOR PLAINTIFFS**

39

129

*For the Defendants:*

Lyn P. Pruitt

Lyn P. Pruitt, Ark. Bar No. 84121
MITCHELL, WILLIAMS, SELIG,
      GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: (501) 688-8869
Facsimile: (501) 918-7869
lpruitt@mwlaw.com

**ATTORNEYS FOR DEFENDANTS**

40

180

# EXHIBIT 2

181

IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

MARK I. ADAMS and KATHERINE
S. ADAMS, Husband and Wife
Individually and on behalf of
All others similarly situated

                                   **PLAINTIFFS**

**vs.**              Case No. CV-2015-105

UNITED SERVICES AUTOMOBILE
ASSOCIATION, USAA CASUALTY
INSURANCE COMPANY, USAA
GENERAL INDEMNITY COMPANY, and
GARRISON PROPERTY & CASUALTY
INSURANCE COMPANY, all d/b/a USAA             **DEFENDANTS**

## MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

COMES NOW Plaintiffs, Mark I. Adams and Katherine S. Adams ("Plaintiffs"),

individually and as class representative on behalf of all similarly situated persons, and

respectfully request the Court preliminarily approve the proposed class action settlement

described in detail in the Stipulation of Class Action Settlement and its Exhibits attached hereto

as Exhibit "A", and incorporated herein by reference.

Pursuant to the terms of the Stipulation of Class Action Settlement, the Parties jointly

request that the Court enter the proposed Order Preliminarily Approving Class Settlement

attached to the Stipulation of Class Action Settlement as Exhibit "1," as the relevant standards

for approval have been satisfied for the reasons set forth therein.

1

182

**EXHIBIT
2**

Respectfully Submitted,

W.H. Taylor, #81194
Stevan E. Vowell, #75134
William B. Putman, #91198
Timothy J. Myers, #92110
TAYLOR LAW PARTNERS
301 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Tel. (479) 443-5222
Fax (479) 443-7842

Matt Keil, #86099
John C. Goodson, #90018
KEIL & GOODSON, P.A.
406 Walnut Street
Texarkana, AR 71854
Tel. (870) 772-4113
Fax (870) 773-2967

**ATTORNEYS FOR PLAINTIFF**

Lyn P. Pruitt, Ark. Bar No. 84121
MITCHELL, WILLIAMS, SELIG,
        GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: (501) 688-8869
Facsimile: (501) 918-7869
lpruitt@mwlaw.com

**ATTORNEYS     FOR     DEFENDANTS**

2

$183$

Respectfully Submitted,

_____

W.H. Taylor, #81154
Stevan E. Vowell, #75134
William B. Putman, #91198
Timothy J. Myers, #92110
TAYLOR LAW PARTNERS
301 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Tel. (479) 443-5222
Fax (479) 443-7842

Matt Keil, #86099
John C. Goodson, #90018
KEIL & GOODSON, P.A.
406 Walnut Street
Texarkana, AR 71854
Tel. (870) 772-4113
Fax (870) 773-2967

**ATTORNEYS FOR PLAINTIFF**

_Lyn P. Pruitt_

Lyn P. Pruitt, Ark. Bar No. 84121
MITCHELL, WILLIAMS, SELIG,
        GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: (501) 688-8869
Facsimile: (501) 918-7869
lpruitt@mwlaw.com

**ATTORNEYS     FOR     DEFENDANTS**

2

184

IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

MARK I. ADAMS and KATHERINE S. )
ADAMS, Husband and Wife, individually and )
on behalf of all others similarly situated, )
                                      )   Case No. Cv-2015-105
            Plaintiffs, )
                                       )
v.                                   )
                                       )
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, USAA CASUALTY )
INSURANCE COMPANY, USAA GENERAL )
INDEMNITY COMPANY, and GARRISON )
PROPERTY AND CASUALTY INSURANCE )
COMPANY, )
                                         )
            Defendants. )



### ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

WHEREAS Plaintiffs Mark I. Adams and Katherine S. Adams (the "Named Plaintiffs"),

individually and as Class Representative on behalf of a proposed Settlement Class (collectively,

"Plaintiffs"), and Defendants United Services Automobile Association, USAA Casualty

Insurance Company, USAA General Indemnity Company and Garrison Property and Casualty

Insurance Company (collectively, "Defendants"), all acting by and through their respective

counsel, have agreed, subject to Court approval, to settle this Action upon the terms and

conditions stated in the Stipulation of Class Action Settlement filed with the Court on June 23,

2015 (the "Stipulation");

NOW, THEREFORE, based upon the Stipulation, upon all of the files, records, and

proceedings herein, statements of counsel, and it appearing to the Court that a hearing should be

held to determine whether the Proposed Settlement described in the Stipulation should be finally

approved as fair, reasonable, and adequate;

185



IT IS HEREBY ORDERED THAT:

1.      The Stipulation (including Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Stipulation will have the same meanings in this Order.

2.      This Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Stipulation (including Exhibits).

3.      The Court preliminarily approves the Stipulation (including Exhibits) and finds that the Proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.

4.      For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, the following Settlement Class is preliminarily certified for settlement purposes only:

Each and every Person who:

(a)     was insured under a Homeowners Insurance Policy that was issued by a Defendant that provided coverage for any building or other structure located in the State of Arkansas;

(b)     during the Class Period (January 1, 2006 through December 31, 2014) suffered a Covered Loss;

(c)     received from a Defendant an ACV Payment for the Covered Loss, where the ACV Payment was calculated and made based upon an estimate a Defendant or someone acting on the Defendant's behalf prepared that applied Depreciation.

(d)     excluding:

(i)     claims that were the subject of any individual (non-class action) lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiffs' claim;

(ii)    claims that were open (still being actively adjusted) as of December 31, 2014;

186

    (iii)  claims for which Defendants received an executed release during the Class Period; and

    (iv)  Defendants, all present or former officers and/or directors of Defendants, the Neutral Evaluator, Class Counsel, the Judge of this Court, and Defendants' counsel of record.

Defendants shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.

   5.  The Named Plaintiffs are preliminarily appointed as representatives of the Settlement Class ("Class Representatives"), and the following attorneys for Plaintiffs are preliminarily appointed as counsel for the Settlement Class ("Class Counsel"):

   W.H. Taylor, #81154
   Stevan E. Vowell, #75134
   William B. Putman, #91198
   Timothy J. Myers, #92110
   TAYLOR LAW PARTNERS
   301 E. Millsap Road
   P.O. Box 8310
   Fayetteville, AR 72703
   Tel. (479) 443-5222
   Fax (479) 443-7842

   Matt Keil, #86099
   John C. Goodson, #90018
   KEIL & GOODSON, P.A.
   406 Walnut Street
   Texarkana, AR 71854
   Tel. (870) 772-4113
   Fax (870) 773-2967

   6.  The Parties have prepared the Mailed Notice and Claim Form, which have been submitted to the Court as Exhibits 2 and 3, respectively, to the Stipulation. The Court has reviewed and approved the Mailed Notice and Claim Form as to form and content and directs that they be without material substantive alteration from those attached to the Stipulation as Exhibits 2 and 3 (subject to formatting changes being made by the Settlement Administrator),

respectively, unless otherwise modified by agreement of the Parties and approved by the Court. The Court directs that the Mailed Notice and Claim Form be sent to the Persons described and in the manner set forth in Paragraph 49 of the Stipulation and, for Mailed Notices returned, directs the Settlement Administrator to follow the procedures set out in Paragraph 50 of the Stipulation.

7.    Specifically, as soon as practicable after the preliminary approval of the Proposed Settlement, Defendants shall make a reasonable search of their computer/electronic databases to ascertain the name and last-known address of each potential Settlement Class Member. Before mailing the Mailed Notice and Claim Form, the Settlement Administrator shall run these addresses once through the National Change of Address Database ("NCOA") to attempt to obtain a more current name and/or address for each potential Settlement Class Member. The Settlement Administrator may also perform such further reasonable search for a more current name and/or address for the potential Settlement Class Member, including potentially a search of the Lexis/Nexis name and address database or other database selected by Defendants, to the extent Defendants determine in their good faith and sole discretion that the address contained in their records may no longer be current or accurate. The Settlement Administrator shall send a copy of the Mailed Notice and a Claim Form by first-class mail to each potential Settlement Class Member identified as a result of the above search(es). Defendants and the Settlement Administrator shall use their best efforts to complete the mailing of the Mailed Notice and Claim Form to potential Settlement Class Members within forty-five (45) days after entry of the Preliminary Approval Order.

8.    If any Mailed Notice and/or Claim Form mailed to any potential Settlement Class Member is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly log each Mailed Notice and/or Claim Form that is returned as

188

undeliverable and provide copies of the log to Defendants and Class Counsel as requested. If the mailing is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address. For the remaining returned mailings, if a Lexis/Nexis name and address search or other non-NCQA database search was not previously conducted for those mailings, such a search shall be conducted and those mailings shall be forwarded to any new address obtained through such a search. In the event that any Mailed Notice is returned as undeliverable a second time, no further mailing shall be required. The Court finds that the procedures set forth herein constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses of Settlement Class Members such that no additional efforts to do so shall be required. Upon request, Defendants and the Settlement Administrator shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

9.     To be timely, Claim Forms must be postmarked on or before the Claims Submission Deadline, which is February 1, 2016 (first business day 45 days after the Final Approval Hearing). Any Claim Form postmarked after the Claims Submission Deadline shall be deemed untimely.

10.     Rust Consulting, Inc. is preliminarily appointed as the third-party Settlement Administrator.

11.     Frank Hamlin is preliminarily appointed as the Neutral Evaluator.

12.     In addition to the Mailed Notice mailed in accordance with Paragraphs 6-8 above, the Settlement Administrator shall establish a website as described in Paragraph 51 of the Stipulation and post the Stipulation, Mailed Notice, Claim Form, Preliminary Approval Order,

frequently asked questions, and other information agreed to by the Parties; the website shall be maintained for at least 180 days after the Claims Submission Deadline. The website shall also contain Spanish translations of the Mailed Notice and Claim Form. Furthermore, the Settlement Administrator shall maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class Members to speak to live operators or to leave messages in a voicemail box, as provided in the Stipulation.

13.     The costs of providing the dissemination of notice as required by Paragraphs 7-8 above shall be borne by Defendants as agreed in the Stipulation.

14.     The Court preliminarily finds that the notice provided to potential Settlement Class Members (including the Mailed Notice and the settlement website) (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) meets all applicable requirements of Arkansas law, the Arkansas Rules of Civil Procedure, due process under the Arkansas and United States Constitutions, and any other applicable rules or law.

15.     Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, the Court preliminarily enjoins all Settlement Class Members and their Legally Authorized Representatives, unless and until they have timely and properly excluded themselves from the Settlement Class, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances

190

relating thereto, in the Action and/or the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

16.    Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion as set forth in the Stipulation and Mailed Notice. To be effective, such a request must include the Settlement Class Member's name and address, a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class, and the signature of the Settlement Class Member or his or her Legally Authorized Representative. The request must be mailed to the Administrator at the address provided in the Mailed Notice and must be postmarked no later than November 16, 2015 (30 days before the initially scheduled date for the Final Approval Hearing). Requests for exclusion must be exercised individually by the Settlement Class Member or his or her Legally Authorized Representative, and not as or on behalf of a group, class, or subclass.

17.    Before or at the Final Approval Hearing, the Settlement Administrator shall file proof of mailing of the Mailed Notice, along with the Opt-Out List, which shall be a list of all

191

Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List.

18.    Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Mailed Notice and the Stipulation shall be excluded from the Settlement Class. Such Persons shall have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or by any Final Order and Judgment approving the Proposed Settlement.

19.    All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Mailed Notice and Stipulation shall be bound by all proceedings, orders, and judgments in the Action, including any Final Order and Judgment entered pursuant to the Stipulation, even if such Settlement Class Members never received actual notice of the Action or this Proposed Settlement, or never submitted a claim pursuant to the Proposed Settlement, and they shall be barred and enjoined, now and in the future, from asserting any of the Released Claims, as defined in the Stipulation, against any Released Persons, as defined in the Stipulation. Upon entry of a Final Order and Judgment approving the Proposed Settlement, all Settlement Class Members who have not made timely, written requests for exclusion shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

20.    Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object or intervene, as described in the Stipulation and below. Any Settlement Class Member who has timely filed an objection in compliance with the Stipulation may appear at the Final Approval Hearing, in person or by

19a

counsel, and be heard to the extent allowed by the Court, applying applicable Arkansas law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement, and on the application for the Attorneys' Fee Award and Incentive Award. The right to object to the Proposed Settlement must be exercised individually by an individual Settlement Class Member or his or her attorney or his or her Legally Authorized Representative, and not as a member of a group, class, or subclass.

21.     To be timely, the objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than thirty (30) days before the initially scheduled date for the Final Approval Hearing (November 16, 2015).

22.     To be effective, a notice of intent to object to the Proposed Settlement must also:

(a)     Contain a heading which includes the name of the case and case number;

(b)     Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

(c)     Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

(d)     Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable Arkansas laws and rules for filing pleadings and documents in Arkansas courts; and

(e)     State whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

23.     In addition, to be effective, a notice of intent to object must contain the following additional information, if the Settlement Class Member or his/her or its attorney requests permission to speak at the Final Approval Hearing:

(a)     A detailed statement of the specific legal and factual basis for each and every objection;

193

(b)   A list of any and all witnesses whom the Settlement Class Member may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

(c)   A detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the objector may introduce at the Final Approval Hearing;

(d)   A list of any legal authority the Settlement Class Member will present at the Final Approval Hearing; and

(e)   Documentary proof of membership in the Settlement Class.

24.   Any Settlement Class Member who does not file a timely notice of intent to object as noted above shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Proposed Settlement. Settlement Class Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against Defendants by complying with the exclusion provisions set forth herein. Settlement Class Members who object to the Proposed Settlement shall remain Settlement Class Members, and have voluntarily waived their right to pursue an independent remedy against Defendants. To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Order and Judgment of the Court.

25.   The Court directs the Settlement Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, Class Counsel, Defendants, Defendants' counsel, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in the Stipulation. The Court also directs the Settlement Administrator promptly to furnish Class Counsel and Counsel for Defendants copies of any and all objections, written

194

requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Stipulation.

26.    Class Counsel agree, and the Court finds, that any representation, encouragement, solicitation, or other assistance, including but not limited to referral to other counsel, to any Person seeking exclusion from the Settlement Class, or any other Person seeking to litigate with the Released Persons over any of the Released Claims in this matter, prior to the Final Approval Hearing, could place Class Counsel in a conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms shall not represent, encourage, solicit, or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any Person requesting exclusion from the Settlement Class.

27.    The Proposed Settlement is hereby preliminarily approved as fair, reasonable, adequate, and in the best interest of Settlement Class Members. However, it is not to be deemed an admission of liability or fault by Defendants or by any other Person, or a finding of the validity of any claims asserted in the Action, of any wrongdoing or of any violation of law by Defendants, or an admission by Defendants that the Action is or should be certified as a litigation class. The fact of this Proposed Settlement, the Stipulation (including Exhibits), and any documents, attachments, or other materials submitted to the Court in furtherance of this proposed settlement shall not be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal as an admission or concession by Defendants of any liability or fault by Defendants, or of the validity of any claims asserted in the Action, or of any wrongdoing or violation of law by Defendants, or that the Action is or should be certified as a class action. If final approval of the Proposed Settlement is not granted, or if the Stipulation and Proposed Settlement are terminated or disapproved in whole or in part by this

195

Court, any appellate court, and/or any other court of review, or if the agreement to settle is revoked by any Party pursuant to Paragraphs 86-89 of the Stipulation, then this Order and all actions associated with preliminary certification, including but not limited to the above description and preliminary certification of the Settlement Class and the preliminary appointment of the Class Representative and Class Counsel, shall be automatically vacated. In such event, the Stipulation and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including the "certifiability" of any class, as discussed in Paragraphs 44, 56(g), 88, and 102-104 of the Stipulation; and Defendants shall retain the right to object to the maintenance of the Action and/or any other case as a class action and to contest the Action and/or any other case on any grounds.

28.    The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement on December 16, 2015 at 1:00 p.m. in the Polk County Courthouse, as set forth in the Mailed Notice. During the Final Approval Hearing, the Court will consider whether the proposed settlement described in the Stipulation, including the proposed Attorneys' Fee Award and any Incentive Awards to the Named Plaintiffs, should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice, and without leave to amend. Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members.

29.    Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

196

30.    The Court stays all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the term of the Stipulation.

IT IS SO ORDERED.

Dated: August 26, 2015

_____
Judge of the Circuit Court

APPROVED AS TO FORM:

*Class Counsel:*

_____
W.H. Taylor, #81154
Stevan E. Vowell, #75134
William B. Putman, #91198
Timothy J. Myers, #92110
TAYLOR LAW PARTNERS
301 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Tel. (479) 443-5222
Fax (479) 443-7842

Matt Keil, #86099
John C. Goodson, #90018
KEIL & GOODSON, P.A.
406 Walnut Street
Texarkana, AR 71854
Tel. (870) 772-4113
Fax (870) 773-2967

*For the Defendants:*

_____
Lyn P. Pruitt, Ark. Bar No. 84121
John K. Baker, Ark. Bar No. 97024
MITCHELL, WILLIAMS, SELIG,
    GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Tel. (501) 688-8800
Fax (501) 688-8807

191

# EXHIBIT 4

198

IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

MARK L. ADAMS and KATHERINE S.     )
ADAMS, individually and on behalf of all   )
others similarly situated,                     )
                                      )
           Plaintiffs,           )
                                        )
      vs.                           )   Case No. CV-2015-105
                                        )
UNITED SERVICES AUTOMOBILE       )
ASSOCIATION, USAA CASUALTY       )
INSURANCE COMPANY, USAA GENERAL  )
INDEMNITY COMPANY, and GARRISON  )
PROPERTY AND CASUALTY INSURANCE )
COMPANY,                         )
                                        )
          Defendants.         )

## <u>AFFIDAVIT OF MATT KEIL</u>

STATE OF ARKANSAS      )
                       ) ss.
COUNTY OF MILLER    )

      BEFORE ME, the undersigned Notary Public, on this day personally appeared Matt Keil

who, being by me first duly sworn, on oath stated as follows:

     1.     My name is Matt Keil. I am over 18 years of age. I am fully competent to make

this affidavit. I have personal knowledge of the facts stated herein, and they are all true and

correct.

     2.     I am an attorney licensed by the Supreme Court of Arkansas, and I am one of the

attorneys in this matter. My law firm, KEIL & GOODSON, P.A., has participated as Class Counsel

in this matter.

     3.     Members of the firms appointed as Class Counsel are extremely experienced in

the prosecution of complex and class litigation. Members of the firms appointed as Class

Counsel have successfully represented plaintiffs in class actions involving, among many others,

1





EXHIBIT

4

the underpayment of overhead and profit on homeowner insurance claims; the marketing and sale of defective and or represented consumer products; the use of sophisticated computer programs by insurance companies to underpay bodily injury claims and the violations of the securities laws.

4.      I have personally been involved in this litigation, and as such, I have personal knowledge of the information contained herein.

5.      In varying capacities, Class Counsel have been involved with the preparation, filing, prosecution and settlement of this action. Class Counsel's Fee Application describe the nature of the litigation, history of the litigation, and the work performed by Class Counsel that resulted in the settlement of this case. The statements and descriptions set forth in these pleadings are true, correct, and based on personal knowledge of the facts in this matter. Based on its superior position managing this case, the Court is in the best position to judge the quality of work performed by Class Counsel.

6.      When Class Counsel undertakes major litigation, such as the litigation against Defendants, it necessarily limits Class Counsel's ability to undertake other complex litigation.

7.      Class Counsel have to make this commitment at the outset without knowing how long the case would take or if it would ever resolve. Class Counsel devoted substantial time and effort to this litigation from the preparation stage through the settlement stage. Various attorneys appointed as Class Counsel participated in all aspects of the prosecution of this action, including pre-suit investigation, pre-suit research and strategy, drafting and pursuing discovery, consultations with experts, and settlement negotiations.

8.      It is worth noting the parties did not discuss or negotiate the amount of attorneys' fees until after they had reached an agreement in principle with respect to all of the substantive

2   700

issues and terms of the settlements. Overall, the history of the extensive settlement negotiations illustrates a highly professional course of legal representation in which both sides sought to achieve the best possible outcome for their clients. The bargaining was cooperative, in the sense that the parties were willing to share information and work without animosity toward a satisfactory result, but at all times the parties were acting as representatives of their clients in an adversarial process.

9.    Based upon my review of the evidence and my personal involvement in the negotiation process, it is my opinion that there is not even a hint of collusion. The settlement negotiations began in 2014. Negotiation of the Settlement Agreement and other settlement documents took place over several months. The amount of attorneys' fees was not discussed until the material terms of the class benefit had been resolved, including the mechanism for claim payments. The extensive, arms-length settlement negotiations substantiate the fairness, adequacy and reasonableness of the terms to which the parties ultimately agreed, specifically including the amount of attorney fees and expenses requested by Class Counsel.

10.    After finalizing the settlement with Defendants, Class Counsel have been involved with and supervised the approval, notice, exclusion, and administration process for the Class. The final settlement includes extensive notice protections for the Class. Rust Consulting, Inc. serves as a third-party administrator over the notice and claims process. Rust has successfully managed the notice and administration process. Class Counsel and Defense counsel worked with Rust representatives regarding the notice campaign, the claims process, and the objection and exclusion process. Class Counsel spent considerable and significant effort to (a) determine that all eligible class members were properly located so that notice would be sent to as many class members as possible; (b) determine that Defendants did, in fact, fully comply with the Court's notice directives; and (c) assure that Class Counsel obtained and fulfilled an oversight

3

role in the notice campaign and subsequent procedures.

11.    Class Counsel labored diligently to obtain a substantial benefit for the Class. Under the Proposed Settlement, Class Members have the opportunity to claim cash compensation in exchange for the releases outlined in the Stipulation. The Stipulation provides for payments tied to the amount of total Depreciation, which may be estimated using certain assumptions connected to information obtained during the litigation of the Class and allocating that number equally over the class period.

12.    The estimated cash compensation available to Class Members is not capped under the Stipulation. However, an estimate may be computed by applying data obtained by Class Counsel during the pendency of the Action. Using this information, I understand the Class Benefits may be valued at approximately $3,445,598.00

13.    Based on my review and understanding of the Settlement Agreement, the value of the Settlement (inclusive of Class Benefits, Attorneys Fees, Administrative Costs, and Incentive Awards) is approximately $5,295,598.00:

- Class Benefits            $3,445,598.00
- Attorneys' Fees           $1,541,096.90
- Expenses                  $308,903.10
- Incentive Fees            $10,000.00
- Administration Costs  Paid by Defendants

14.    Class Counsel represented the Class on a contingency fee basis. In other words, Class Counsel would receive nothing unless the litigation was successful and, even then, only upon approval by the Court. As part of this representation, Class Counsel funded all expenses of the litigation. I have obtained information from my co-counsel regarding their expenses in the case. Inclusive of the expenses incurred by my firm, Class Counsel and our co-counsel have spent $308,903.10 prosecuting this matter on behalf of the Plaintiffs and the Class.

15.    Class Counsel frequently represent clients in the State of Arkansas on a

4

contingent fee basis. Depending on the circumstances of the case, Class Counsel, either solely or jointly with co-counsel, typically charge contingent fees ranging from 25-45%. In a non-class action contingent fee matter in this locality with a complexity and difficulty equivalent to this action, Class Counsel is required to advance litigation costs on par with this litigation, Class Counsel would charge a contingent fee in the 33-45% range.

16.     I have knowledge of the fees customarily charged and attained in Arkansas for similar legal services related to other class action cases.

17.     The fee requested by Class Counsel is also consistent with prior requests approved before other Arkansas Circuit Courts. For example, in *Warmack-Muskogee Limited Partnership v. PricewaterhouseCoopers, et al.*, Cause No. E-2001-504-3, filed in the Circuit Court of Miller County, Arkansas (the "Accounting Rebate Settlement"), the plaintiff obtained a settlement for the class from a group of defendants. Based on the evidence and briefing submitted to the Court, it approved a 33.33% attorneys fee on the recovery and deducted that sum from the benefits available to the class. In *Beasley, et al. v. Prudential General Insurance Company,* Cause No. CV-2005-58-1, filed in the Circuit Court of Miller County, Arkansas, the plaintiff obtained settlements for two classes of insureds: those insured by the Hartford and those insured by Prudential. Based on the evidence and briefing submitted to the Court, it approved a 30% fee on the recovery against the Harford and approximately a 28% fee on the recovery against Prudential (respectively, the "Hartford GCOP Settlement" and the "Prudential GCOP Settlement"). Additionally, in the case of *Hunsucker v. American Standard Ins. Co. of Wisconsin,* CV-2007-155-3, previously pending in Miller County, Arkansas, certain Class Counsel settled a national class against the American Family group of companies arising out of their use of the Colossus program on UM/UIM claims. Based on the information submitted to the court regarding the total settlement value of the benefit made available to the class, and based

5     703

on application of the *Chrisco* factors, the court approved another attorney fee of approximately 30%.

18.    In removal paperwork in a depreciation of labor case similar to this one, the defendant argued to the federal district court that the court should find that a 40% fee award would be reasonable.  In denying plaintiff's motion to remand, the federal district court in *Doss v. American Family Home Ins. Co.* stated:

> Thus, we look to other similar cases. A 40% rate of attorneys' fees has been approved by the Court and others. *Knowles*, 2013 WL 3968490, at *9; *Basham*, 979 F. Supp. 2d at 890. The defendant is obligated to provide proof showing that a fact finder "might legally conclude" that the fees it proposes are possible. Because American Family has adequately demonstrated that similar fees have been used for calculating attorney's fees in similar cases, the Court finds that American Family has shown it is reasonable to use a 40% multiplier to estimate attorneys' fees for the amount in controversy.

*See* 4:14-cv-04007-SOH, ECF 57, at 10 (Hickey, J.), issued September 19, 2014. Other opinions denying remand have contained the same conclusion by the district court, specifically, that it is reasonable to conclude that a court might award up to 40% as a fee in class litigation in Arkansas. *See, e.g, Knowles v. Standard Fire Ins. Co.* 2013 WL 3968490 (W.D. Ark. 2013) ("The Court finds that it is reasonable to use a 40% multiplier to estimate attorney's fees for the amount in controversy in this case. The Arkansas Court of Appeals affirmed a 40% fee award in a case involving an insurer's wrongful refusal to pay policy proceeds. *See Capital Life & Accident Ins. Co. v. Phelps*, 76 Ark. App. 428, 434-35 (Ark. Ct. App. 2002)."); *Basham v. American Nat. County Mut. Ins. Co.*, 979 F. Supp. 2d 883 (W.D. Ark. 2013) ("Other courts considering insurance fraud claims and attorney's fees in the amount-in-controversy context have held that a fee of 40% is a reasonable estimate at this stage in the pleadings. The Court finds no reason why this percentage would not be reasonable in this particular case ...").

18.    In this settlement, Defendants have agreed to pay up to $1,850,000.00 for fees and

6   204

expenses. Defendants agreed to separately pay to Class Counsel the attorneys' fees and costs approved by the Court up to the agreed limits, subject to Court review and approval. This total equals only 34.87% of the total common fund obtained by the efforts of Class Counsel. The fee component of $1,541,096.90 constitutes 29.05% of the common fund.

19.    Based on the above-referenced fee awards, and my knowledge of other similar class action settlements in Arkansas, the range of fees customarily charged and approved in Arkansas in complex class action matters certainly encompasses a fee request of 29.05% of the settlement value made available to Class Members.    Accordingly, the fee request of $1,541,096.90 and an expense request of $308,903.10 are, in my opinion and experience, reasonable and supported by existing law and precedent.

20.    Additionally, although Rust has mailed nearly 15,000 notices, Class Counsel has received no objection to date to Class Counsel's requests for fees and costs.

FURTHER AFFIANT SAYETH NOT.

MATT KEIL

SUBSCRIBED AND SWORN TO BEFORE ME, to certify which witness my hand and seal of office, on the 5th day of November, 2015.

Laura Jean Fortner

Notary Public in and for the State of Arkansas

Laura Jean Fortner
NOTARY PUBLIC
Pulaski County, Arkansas
Commission # 12393329
My Commission Expires 5/28/2023

7    205

# EXHIBIT 5

206

## IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

| | |
|---|---|
| MARK L. ADAMS and KATHERINE S. ADAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CV-2015-105<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF MARK ADAMS

| | |
|---|---|
| STATE OF ARKANSAS | ) |
| | ) ss. |
| COUNTY OF POLK | ) |

BEFORE ME, the undersigned notary, personally appeared Mark Adams who, being by me first duly sworn, on oath stated as follows:

1.  My name is Mark Adams I am over twenty-one (21) years of age, of sound mind, fully capable of making this affidavit. I have personal knowledge of the facts stated herein and they are true and correct.

2.  I am a named Plaintiff and Class Representative in the above referenced class action lawsuit.

3.  My home was covered by an insurance policy issued by USAA in this lawsuit.

4.  My home was damaged by a covered peril. I submitted a claim to USAA under the terms of the insurance policy covering my home. USAA determined the loss was covered under the homeowner's insurance policy and paid the claim.

5.  I understand my lawyers may request that the Court award me an incentive fee of $5,000.00 for my service as a Class Representative. Otherwise, I am not receiving any benefit in addition to the benefit provided to unnamed Class Members for my service as a Class Representative.

6.  I am not asserting any claims different from or in addition to the claims asserted on behalf of the Class.

7.  I believe that all of the claims asserted by me are identical, typical and/or common to the claims of the unnamed Class Members, and that the defenses to the claims asserted by me are identical, typical and/or common to the defenses which are applicable to the unnamed Class Members.

8.  In this case, on behalf of myself and as a Class Representative, I contend that:

- Defendants systematically and improperly underpaid homeowner claims by failing to pay all of the labor costs, and instead depreciating such labor payments.

- Defendants had a duty to disclose to me and all Class Members our entitlement to payment for labor that was not depreciated, but fraudulently concealed information concerning this entitlement;

- Defendants' acts constitute a breach of the insurance contract;

- My homeowner's claim and those of other Class Members were improperly underpaid as a result of Defendants' actions; and

- These contentions are identical, typical and/ or common of all Members of the Class.

9.  In this case, Defendants have expressly denied, and continue to expressly deny, all claims and contentions alleged and all charges of wrongdoing or liability. Defendants contend they have at all times consistently acted in accordance with the governing laws and regulations of the State of Arkansas. Defendants contend it would prove, at trial, there was

208

UNION BANK OF MENA    ☑004/011

neither wrongdoing nor legal liability arising out of any of the facts or conduct alleged in Plaintiffs' Complaint and its payment of a depreciated labor amount was proper. These defenses are applicable, identical, typical and/or common to all Members of the Class.

10.    I have been informed by my attorneys of the general duties of a Class Representative. As a Class Representative I have always considered the interests of the entire Class just as I would consider my own interests. I have participated actively in the lawsuit in ways such as generally keeping aware of the status and progress of the lawsuit. I have recognized and accepted that the resolution of this lawsuit is subject to court approval, and must be designed in the best interest of the Class as a whole and have endeavored to do so.

11.    As a Class Representative I have represented the interests of all Members of the Class in litigation to recover money damages for the Class.

12.    Although, as a Class Representative, I understand that I am not required to be particularly sophisticated or knowledgeable with respect to the subject of the lawsuit, I have remained interested, on a continuous basis, in the progress of the lawsuit, and have made every effort to provide my lawyers and the court with all relevant facts of which I am aware. As a Class Representative I have volunteered my time and agreed to represent many other people with similar claims and damages because of the importance that all benefit from the lawsuit; because a Class lawsuit will save time, money and effort, and thus will benefit all parties and the Court; and because the Class action is an important tool to assure compliance with the law. Before commencing this litigation, I spoke with my attorneys and reviewed, understood and acknowledged my duties as a Class Representative. I agreed to fulfill these duties to the best of my ability, to attend all hearings, meetings, depositions and trial, as necessary, to fulfill such duties, and to fulfill any additional duties that might arise through the course of this litigation, in order to serve the best interests of all other persons similarly situated to me. I have retained

209

competent counsel, experienced in insurance and class action litigation.

13.   The compensation to the Class Members takes the form of a cash payment to each Class Member who submits a qualifying Claim Form.  I believe this payment constitutes valuable consideration to the Class.  In addition to compensation in the form of cash payments, Class Counsel was able to negotiate certain protections for class members in the claims-making process, including:

   ▪   The payments will be made to all Class Members who submit a qualifying Claim Form.  Therefore, the people affected by Defendants' alleged failure to pay full labor costs will have an opportunity to receive a payment to compensate them for their damages.  In addition, the Class Members can submit their Claim Forms, postmarked within 45 days after the Settlement Final Fairness Hearing, requesting a payment.  This will give Class Members ample time to complete and submit Claim Forms requesting payments.

   ▪   The Claim Form is simple, easy to understand and could readily be completed by any reasonable Class Member.

   ▪   If anyone submits a Claim Form and disagrees with the payment they receive, there is a process to ultimately appeal the decision to a Neutral Evaluator who will resolve the disagreement.

14.   I consider the value of the payments to be a reasonable compromise of the claims in this litigation. Given all the considerations and the inherent uncertainty of litigation, I find the payments in this settlement to be very satisfactory as a compromise of our claims.

15.   I understand that Class Counsel has obtained an agreement for Defendants to pay attorneys' fees and expenses, if approved by the Court, in an amount not to exceed $1,850,000.00.  I under that Class Counsel will seek from the Court $1,541,096.90 in attorneys' fees and $308,903.10 in expenses.  I approve of Class Counsel's request, both as a named Plaintiff and as a Class Representative.  I believe Class Counsel's request is reasonable and appropriate under the circumstances.

FURTHER, AFFIANT SAYETH NOT.

_____
MARK ADAMS

SUBSCRIBED AND SWORN TO BEFORE ME, to certify which witness my hand and

seal of office, on the 12th day of November, 2015.

CRYSTAL MOS
NOTARY PUBLIC-STATE OF ARKANSAS
POLK COUNTY
My Commission Expires 10-01-2023
Commission # 12395776

_____
Notary Public in and for the
State of Arkansas

# EXHIBIT 6

## IN THE CIRCUIT COURT OF POLK COUNTY, ARKANSAS

MARK *Z*. ADAMS and KATHERINE S. ADAMS, individually and on behalf of all others similarly situated,

          **Plaintiffs,**

vs.

UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,

          **Defendants.**

)
)
)
)
)
)
)
)    Case No. CV-2015-105
)
)
)
)
)
)
)
)
)
)

### AFFIDAVIT OF KATHERINE ADAMS

STATE OF ARKANSAS    )
                        ) ss.
COUNTY OF _POLK_    )

BEFORE ME, the undersigned notary, personally appeared Katherine Adams who, being by me first duly sworn, on oath stated as follows:

1.    My name is Katherine Adams I am over twenty-one (21) years of age, of sound mind, fully capable of making this affidavit. I have personal knowledge of the facts stated herein and they are true and correct.

2.    I am a named Plaintiff and Class Representative in the above referenced class action lawsuit.

3.    My home was covered by an insurance policy issued by USAA in this lawsuit.

4.    My home was damaged by a covered peril.  I submitted a claim to USAA under the terms of the insurance policy covering my home. USAA determined the loss was covered under the homeowner's insurance policy and paid the claim.

5.    I understand my lawyers may request that the Court award me an incentive fee of $5,000.00 for my service as a Class Representative. Otherwise, I am not receiving any benefit in addition to the benefit provided to unnamed Class Members for my service as a Class Representative.

6.    I am not asserting any claims different from or in addition to the claims asserted on behalf of the Class.

7.    I believe that all of the claims asserted by me are identical, typical and/or common to the claims of the unnamed Class Members, and that the defenses to the claims asserted by me are identical, typical and/or common to the defenses which are applicable to the unnamed Class Members.

8.    In this case, on behalf of myself and as a Class Representative, I contend that:

- Defendants systematically and improperly underpaid homeowner claims by failing to pay all of the labor costs, and instead depreciating such labor payments.

- Defendants had a duty to disclose to me and all Class Members our entitlement to payment for labor that was not depreciated, but fraudulently concealed information concerning this entitlement;

- Defendants' acts constitute a breach of the insurance contract;

- My homeowner's claim and those of other Class Members were improperly underpaid as a result of Defendants' actions; and

- These contentions are identical, typical and/ or common of all Members of the Class.

9.    In this case, Defendants have expressly denied, and continue to expressly deny, all claims and contentions alleged and all charges of wrongdoing or liability. Defendants contend they have at all times consistently acted in accordance with the governing laws and regulations of the State of Arkansas. Defendants contend it would prove, at trial, there was

214

neither wrongdoing nor legal liability arising out of any of the facts or conduct alleged in Plaintiffs' Complaint and its payment of a depreciated labor amount was proper. These defenses are applicable, identical, typical and/or common to all Members of the Class.

10.     I have been informed by my attorneys of the general duties of a Class Representative. As a Class Representative I have always considered the interests of the entire Class just as I would consider my own interests. I have participated actively in the lawsuit in ways such as generally keeping aware of the status and progress of the lawsuit. I have recognized and accepted that the resolution of this lawsuit is subject to court approval, and must be designed in the best interest of the Class as a whole and have endeavored to do so.

11.     As a Class Representative I have represented the interests of all Members of the Class in litigation to recover money damages for the Class.

12.     Although, as a Class Representative, I understand that I am not required to be particularly sophisticated or knowledgeable with respect to the subject of the lawsuit, I have remained interested, on a continuous basis, in the progress of the lawsuit, and have made every effort to provide my lawyers and the court with all relevant facts of which I am aware. As a Class Representative I have volunteered my time and agreed to represent many other people with similar claims and damages because of the importance that all benefit from the lawsuit; because a Class lawsuit will save time, money and effort, and thus will benefit all parties and the Court; and because the Class action is an important tool to assure compliance with the law. Before commencing this litigation, I spoke with my attorneys and reviewed, understood and acknowledged my duties as a Class Representative. I agreed to fulfill these duties to the best of my ability, to attend all hearings, meetings, depositions and trial, as necessary, to fulfill such duties, and to fulfill any additional duties that might arise through the course of this litigation, in order to serve the best interests of all other persons similarly situated to me. I have retained

215

competent counsel, experienced in insurance and class action litigation.

13.    The compensation to the Class Members takes the form of a cash payment to each Class Member who submits a qualifying Claim Form. I believe this payment constitutes valuable consideration to the Class. In addition to compensation in the form of cash payments, Class Counsel was able to negotiate certain protections for class members in the claims-making process, including:

■    The payments will be made to all Class Members who submit a qualifying Claim Form. Therefore, the people affected by Defendants' alleged failure to pay full labor costs will have an opportunity to receive a payment to compensate them for their damages. In addition, the Class Members can submit their Claim Forms, postmarked within 45 days after the Settlement Final Fairness Hearing, requesting a payment. This will give Class Members ample time to complete and submit Claim Forms requesting payments.

■    The Claim Form is simple, easy to understand and could readily be completed by any reasonable Class Member.

■    If anyone submits a Claim Form and disagrees with the payment they receive, there is a process to ultimately appeal the decision to a Neutral Evaluator who will resolve the disagreement.

14.    I consider the value of the payments to be a reasonable compromise of the claims in this litigation. Given all the considerations and the inherent uncertainty of litigation, I find the payments in this settlement to be very satisfactory as a compromise of our claims.

15.    I understand that Class Counsel has obtained an agreement for Defendants to pay attorneys' fees and expenses, if approved by the Court, in an amount not to exceed $1,850,000.00. I under that Class Counsel will seek from the Court $1,541,096.90 in attorneys' fees and $308,903.10 in expenses. I approve of Class Counsel's request, both as a named Plaintiff and as a Class Representative. I believe Class Counsel's request is reasonable and appropriate under the circumstances.



FURTHER, AFFIANT SAYETH NOT.

_Katherine Adams_
KATHERINE ADAMS


SUBSCRIBED AND SWORN TO BEFORE ME, to certify which witness my hand and

seal of office, on the 24th day of November, 2015.

CRYSTAL MOS
NOTARY PUBLIC-STATE OF ARKANSAS
POLK COUNTY
My Commission Expires 10-01-2023
Commission # 12395776.

Notary Public in and for the
State of Arkansas